THE CALUMET AND CHICAGO CANAL AND DOCK COM-
PANY, Appellee, *vs.* HENRY STUCKART, County Treas-
urer, Appellant.

*Opinion filed October 24, 1916.*

1. CORPORATIONS—*rule as to assessment of capital stock where
there are no debts.* Under the rules of the State Board of Equali-
zation for the assessment of capital stock of corporations, where
there are no debts to be added to the fair cash value of the shares,
an assessment of the capital stock can be made only in case the
equalized fair cash value of the shares exceeds the equalized valu-
ation of its tangible property.

2. SAME—*State Board of Equalization cannot assess tangible
corporate property.* The State Board of Equalization has no au-
thority to make an assessment of the tangible property of a cor-
poration, for that is the province of the local assessors.

3. SAME—*when assessment of capital stock cannot be sustained.*
While the State Board of Equalization is not necessarily bound by
the market quotations on shares of stock in determining their value
yet such quotations cannot be disregarded, and an assessment of
capital stock made without evidence and in violation of the rules
of the board cannot be sustained, even though the assessment of
tangible property by the assessor is regarded as lower than it
should be.

APPEAL from the Superior Court of Cook county; the
Hon. CHARLES M. FOELL, Judge, presiding.

MACLAY HOYNE, State's Attorney, (MORRIS SCHAEF-
FER, and ERNEST BUEHLER, of counsel,) for appellant.

BENTLEY, BURLING & KUMLER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon the remandment of the case of *Calumet and Chi-
cago Canal and Dock Co.* v. *O'Connell,* 265 Ill. 106, an
answer was filed, and after a hearing upon the pleadings
and evidence a decree was entered perpetually enjoining the
collection of the capital stock taxes in controversy. An ap-

peal has been taken from that decree by Henry Stuckart, who was the successor of William L. O'Connell as county treasurer and was substituted as defendant to the bill. The allegations of the bill, which were held sufficient on the former appeal to justify the granting of the relief prayed for, are fully set out in the opinion then filed. The assignment of errors in the present appeal questions the sufficiency of the evidence to sustain those allegations.

There were no debts of the appellee which, under the rules of the State Board of Equalization for the assessment of the capital stock of corporations, should be added to the fair cash value of the shares. Therefore, under those rules, an assessment of the capital stock could be made only in case the equalized fair cash value of the shares of capital stock exceeded the equalized valuation of its tangible property, and the consideration of the evidence must be directed to that question.

During the years covered by the allegations of the bill, the evidence shows that the shares of stock of the appellee were listed, bought and sold on the Chicago Stock Exchange, which has been the only market for their sale. The highest price at which shares were sold during that time was $65 5/8 a share and the lowest $40. The rules of the board authorized it to take into consideration not only the value of the shares of stock and the market quotations of such shares, but also the books of the corporation, the returns made to the Auditor of Public Accounts, and such other information as the board might have or be able to obtain. The board did not request or have access to the books of the corporation, and the returns made to the Auditor of Public Accounts show that the aggregate value of the capital stock was less than the aggregate value of the tangible property of the corporation. There was therefore no basis for an assessment of capital stock unless the board obtained and acted upon other information. The chairman of the capital stock committee of the board and one of its

members testified before the master. Their testimony was of a very general character, and indicated that if any other information was considered by the board it was not of sufficient importance to be remembered by the witnesses. The chairman testified that he had no specific recollection as to what was done with reference to the assessment of the capital stock of the appellee, but that, generally, where the schedules filed showed the total assessed valuation of the tangible property largely in excess of the total value of the capital stock shown by the schedules, this circumstance would cause the board to investigate, and it would consult different financial magazines, such as the *Economist* and *Poor's Manual.* Sometimes it would consult with bankers. The company owned no docks, wharves, warehouses or canals. He said that it was assumed that it had canals and docks, and from the name of the company it was naturally assumed that it enjoyed some rights in connection with the waters that would be a valuable franchise; that the appellee belonged to a class of corporations that gave the committee power to make a different assessment than it would of a mercantile company; that appellee belonged to the class of corporations the board assumed to own a franchise, the franchise being the right it enjoyed by having the property near a body of water, and that in arriving at the value of the capital stock of the company, the value of its assets, plus its franchise and plus its special charter, were elements that entered into consideration. This involves practically a re-assessment by the State Board of Equalization of all the tangible property of the corporation and is not in accordance with the rules of the board. The State board has no authority to make an assessment of the tangible property. That is the province of the local assessors. The assessment of capital stock must be made by the board in accordance with its rules. The evidence cited indicates that the assessment was not so made. It was assumed that the corporation enjoyed some special rights by virtue of its

charter. While the board is not necessarily bound by the market quotations of the shares of stock in determining their value, these cannot be disregarded and an assessment made without evidence and in violation of the rules of the board sustained, even though the assessment of the tangible property were regarded as lower than it should be.

The decree was in accordance with the evidence, and it will be affirmed.                                        *Decree affirmed.*