THE PEOPLE *ex rel.* R. B. Brewster *et al.*

*v.*

BOARD OF TRUSTEES OF SCHOOLS.

*Filed at Springfield September 27, 1884.*

1. CORPORATION—*legality of its existence—in what proceeding it may be questioned.* Where the legality of the existence of a corporation is intended to be questioned, it must be done by a direct proceeding against it in the nature of a *quo warranto* or *scire facias.* Such question can not be tried in a *mandamus* proceeding.

2. So in a proceeding by *mandamus* to compel the school trustees of a township to appoint appraisers to value school property preparatory to a division between an old and a new school district, the court has no jurisdiction to inquire into the legality of the organization of the new district.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. Wm. R. Welch, Judge, presiding.

Messrs. Corn & Shirley, Messrs. Rinaker & Rinaker, and Mr. A. H. Bell, State's Attorney, for the appellants.

Messrs. Palmer, Chapman & Corn, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

This was an application for a writ of *mandamus,* to compel school trustees in a township in Macoupin county to appoint appraisers to value school property, between an old and new school district. Defendants demurred to the petition, and the circuit court held it insufficient, and dismissed the application.

The petition alleged that the school district was formed of portions of two townships,—one in Montgomery county and the other in Macoupin county; that all steps necessary for the organization of the district had been observed, under the 33d section of the School law, as amended in 1881, (Sess. Laws, 140;) that directors had been elected, and other steps taken to complete the organization; that the petition for the new district was presented to the several boards of trustees of schools of each township in which a portion of the new district lay, at their regular annual meetings, and the application was heard, and all the boards of trustees, except that of township 10, north, range 6, west, concurred in granting the prayer of the petitioners; that they appealed from their decision to the county superintendent of Macoupin county; that he decided the best interests of the district required the establishment of the new district, and established the same; that his order establishing the district was recorded by the several boards of school trustees, and an election was called, by proper notices, and a board of directors was elected in

and for the new district, and they organized as a board of school directors; that there was property in the districts in township 10, north, range 3, west, to which the new district was entitled, and it was the duty of the board of school trustees of that town to appoint appraisers to value the same preparatory to a division; that they, on a proper request, had refused, and a writ of peremptory *mandamus* was prayed.

It is provided by section 33, that if on the day of the regular meeting of the trustees the provisions of the section shall have been complied with, they shall hear the same, and grant or refuse the prayer of the petition. "But the petitioners, or the legal voters who have appeared before the trustees at the meeting when the petition was considered and opposed, shall have the right to appeal to the county superintendent of schools, provided the party appealing files with the clerk of the trustees a written notice of appeal within ten days after final action upon the petition by the trustees." This provision giving the appeal is very indefinite as to the course to be adopted on a hearing on the appeal. Nothing is prescribed as to his action or as to the hearing before him.

Various objections are urged against the legality of the organization of the district. It is urged that a number of essential acts to the organization of a legal corporation are wanting. It is claimed that inasmuch as the trustees in township 10, north, range 6, west, rejected the petition for the new district, its organization was defeated; that the 33d section of the School law, as amended in 1881, (Sess. Laws, 140,) relates alone to the organization of school districts from territory which is all situated in the same county, and has no reference to the organization of districts of territory partly situated in several counties; that it confers no such power, and if it does, there are other irregularities that should defeat the organization. Under the long, well established and uniform practice of this court, the objections urged can not be considered in this collateral proceeding. When the legality,

or, rather, the existence, of a corporation is intended to be questioned, it must be done by a direct proceeding in the nature of a *quo warranto* or *scire facias.* In the case of *President and Trustees* v. *Thompson*, 20 Ill. 197, it was said: "It is also a general rule, that a corporation, acting as such, can not be questioned collaterally, on the ground that it has not complied with its charter." In the case of *Rice* v. *Rock Island and Alton R. R. Co.* 21 Ill. 93, it was said: "The party ought not to be permitted, in this collateral way, to question the regularity of the organization of the company. If it has assumed to exercise corporate functions before it had a right, by law, to do so,—if it has usurped franchises not granted by the statute,—that should be more properly inquired into by a direct proceeding to seize the franchises to the people and dissolve the corporation. If in every suit which the company may bring to enforce its rights it must come prepared, over and over again, to show that its organization was formal and proper, it would lead to embarrassments and inconveniences the most intolerable." Again, in *Tarbell* v. *Page*, 24 Ill. 46, it was held, that "whilst it may be true that a failure to file this certificate in the Secretary of State's office may be such a non-compliance with the law as would authorize the people to sustain a writ of *quo warranto* or *scire facias*, and to oust the corporators from the exercise of their franchises, it does not necessarily follow that it is not, as to third persons, a corporation,"—and the case of *Rice* v. *Rock Island and Alton R. R. Co. supra*, was referred to as announcing the rule that the regularity of the organization of a corporation can not be questioned in a collateral proceeding. Again, in the case of *Renwick* v. *Hall*, 84 Ill. 162, it was held that chancery has no jurisdiction when any association or number of persons shall, within the State, act as a corporation without being legally incorporated, to determine the question whether such an association is legally incorporated or not. That question, it is there said, may be

tried by *quo warranto,* which is the proper remedy. That was a case like this, where an effort had been made to form a new school district from territory in two townships. The new district had elected, as in this case, a board of directors. The owners of real estate in the old district filed their bill in equity, alleging the proceedings in the formation of the new district were irregular and illegal, and in contemplation of law no new district had been formed. The injunction was dissolved and the bill dismissed on a hearing, and that decree was affirmed by this court, on the ground that equity had no jurisdiction to investigate the question. In the case of *McCarthy* v. *Lavasche,* 89 Ill. 270, it was also held that the legality of a corporation can not be attacked in a collateral proceeding, and a stockholder, when sued, can not be heard to insist the law under which the corporation was organized was unconstitutional, or the body illegally organized.

Other cases might be quoted as recognizing the rule, but those referred to are amply sufficient. As early as in 1844, this court, in the case of *Wilmans* v. *Bank of Illinois,* 1 Gilm. 667, announced the same doctrine, nor has it ever been overruled or modified, but has been constantly adhered to until the present time, and the doctrine must govern this case. A proceeding in *mandamus* is of no more comprehensive jurisdiction than a court of equity, and is as powerless to declare a corporation is illegally organized. That proceeding was inaugurated for wholly different purposes. We are aware of no case which holds that in *mandamus* the court can exercise any jurisdiction belonging to the proceeding by *quo warranto,* nor if one could be found could we, in view of the numerous decisions of this court, be expected to yield to it as authority. The view we have taken of the case was not presented in the Appellate Court or in this court; but the doctrines of the cases to which reference has been made so clearly govern this case, that we feel constrained to give them application.

The corporation acting as such, and exercising the franchises of a school district, and its organization being incapable of attack in this proceeding, the circuit court had no power to investigate that question, and it erred in sustaining the demurrer to the petition, and the Appellate Court erred in affirming the judgment of the circuit court, and the judgment of the Appellate Court must be reversed.

*Judgment reversed.*