# Trustees of Schools

## v.

# The People of the State of Illinois ex rel. W. M. Duffey et al.

*Schools—Formation of New District—Act of June 18, 1883—Petition to Trustees—Sufficiency of—Affidavit—*Mandamus.

In a proceeding by *mandamus* to compel certain Trustees of Schools to concur with others in the formation of a new school district, it is *held:* That the petition to the trustees was sufficient; that it was unnecessary to set out the boundaries of the old districts; that it is immaterial that an affidavit, not required by law, failed to state all that is required to warrant the formation of a new district; and that the Trustees were bound to grant the petition if the proper conditions existed.

[Opinion filed February 17, 1887.]

Appeal from the Circuit Court of Tazewell County; the Hon. Thomas M. Shaw, Judge, presiding.

Mr. William Don Maus, for appellants.

Mr. B. S. Prettyman, for appellee.

Wall, J.    This was a proceeding by *mandamus* to compel the appellants, who are Trustees of Schools of two townships, to concur with the trustees of two other townships in the formation of a new school district pursuant to Sec. 1 of the Act of June 18, 1883, Starr & C. Ill. Stat., p. 2214, par. 34.

The appellants demurred to the petition and the demurrer was overruled. The propriety of this ruling is the only question now arising.

The statute referred to provides a mode of forming a new district of territory lying in three or more districts and in three or more townships. Such a territory containing population of not less than 400 may be made a new district upon the petition of two-thirds of the legal voters therein, the proper petitions being presented to the several boards of trustees and notices being given to the several boards of directors whose districts are affected in the manner fixed by Sec. 33 of the general school law, provided that in the formation of a new district, territory shall not be taken from any existing district so as to leave it with less than twenty families nor with taxable property of an assessed value of less than $50,000. When the proper conditions exist the trustees must grant the petition. They have no discretion. They may inquire into the facts and may grant or deny as the case may warrant, but their decision is not conclusive. The propriety of it may become the subject of judicial investigation in a proceeding by *mandamus*.

The petition in this case contains all the necessary averments as to the facts required in the formation of the new district, including the allegations, in detail, of the petitions and notices of the several boards of trustees and directors.

Copies of these petitions to the trustees are made exhibits, including copies of certain affidavits as to their truth and certain certificates of the County Clerk as to the amount of taxable property, etc.

It is suggested that these exhibits thus referred to do not support the petition for *mandamus* and therefore it is obnoxious to demurrer.

It is assumed the only proofs offered to or considered by the trustees were those contained or referred to in these exhibits, and if these are insufficient the petition for *mandamus* is defective.

Attention is therefore directed to the affidavits of Duffy and Holmes attached to the petitions to the trustees, and it is argued that these affidavits fail to state that the signers of the petitions reside in said territory or that they are legal voters, and that they fail to state that the part of Union District No. 2, not taken, will contain the number of families and the amount of

property the law requires.   Assuming this to be so we think there is nothing in the objection.   The law does not require these affidavits to accompany the petition to the trustees.   All that is necessary to set the trustees in motion is to present the petition signed by the requisite number of voters.   No verification is required.   The trustees must then ascertain whether the necessary conditions exist, and if so they must form the new district.   The wish of the people so expressed and under the prescribed conditions, must be obeyed.

While the proper petition is essential, and the trustees may not move without it, no reason is perceived why it should be fatal to the proceedings that an affidavit which is unnecessarily appended to the petition fails to state all that must appear to warrant the formation of the new district.   With regard to Union District No. 2, it is suggested by counsel for appellees that the court will take judicial notice of its boundaries and upon comparing them with the petition it will be found that it is all embraced in the proposed new district.   It is enough, however, that the petition for *mandamus* does in terms aver that in the formation of the proposed new district, territory will not be taken from any existing district so as to leave therein less than twenty families or $50,000 worth of property as assessed for taxation.   This allegation is admitted by the demurrer to be true.

It is objected also that the boundaries of the districts as they now exist are not set out in the petition.   No necessity for such averment is perceived.   The form and boundaries of the several school districts are of course known to the trustees in fact, as they are presumed in law to be known to the public in general.   The inquiry which the trustees are to make must, to a great extent, be of a summary nature and might be wholly met and answered by facts within their own personal knowledge.   It would not aid them to insert such description in the petitions addressed to them nor do we see what assistance it would be to the court.   The whole proceeding is statutory and upon comparing the petition with the statute we find no substantial defect.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*