The People *ex rel.* Richard J. Collins

*v.*

Board of County Commissioners of Cook County.

*Opinion filed June 17, 1899.*

1. Appeals and Errors—*questions of fact in mandamus are settled in Appellate Court.* Whether the respondents in *mandamus* made no investigation as to the responsibility of the relator with reference to his bid on a public contract, but arbitrarily refused to award him the contract, is a question of fact, which is settled by the judgment of the Appellate Court.

2. Same—*when abstract of record is insufficient for considering question of law.* The Supreme Court cannot consider a question of law on appeal in *mandamus*, where all that appears in the abstract of record with reference to the pleadings, issues or judgment is that a petition was filed to which a demurrer was interposed, that leave was taken to file an amended petition and the demurrer ordered to stand, and that the demurrer was overruled, answer filed and an order for *mandamus* entered, there being no statement as to what facts were alleged in the petition or whether they were admitted or denied by the answer.

*Board of Commissioners* v. *People ex rel.* 78 Ill. App. 586, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. John Gibbons, Judge, presiding.

Rogers & Mahoney, and Frederick A. Willoughby, for appellant.

ROBERT S. ILES, County Attorney, and FRANK L. SHEPARD, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The record in this case has been brought from the Appellate Court for the First District, and an abstract of such record is filed showing that there was an "order for *mandamus*" in the circuit court of Cook county which was reversed by the Appellate Court. The rules require a party bringing a cause into this court to furnish a com-·plete abstract or abridgment of the record, so as to give us a full understanding of the errors assigned and the questions presented for decision. This is not such an abstract. All that appears with reference to the pleadings in the case, the issue that was tried or the judgment entered in the circuit court is the following: (2) Petition for *mandamus;* (26) demurrer by defendants to petition; (27) leave to file amended petition for *mandamus;* (38) order that demurrer stand as demurrer to amended petition and order overruling demurrer; (40) answer of defendants; (44) order for *mandamus.*

The abstract contains evidence produced by the parties, and the court seems to have tried issues without a jury, which were found in favor of the relator, and to have entered a judgment in his favor, but there is no intimation as to what such issues were or what judgment was entered or what the mandate of the court required defendants to do. *Mandamus* is a common law action and the pleadings are governed by common law rules. It is begun by a petition, which takes the place of the alternative writ under the former practice. The defendant may demur or answer, and his answer or plea, when filed, takes the place formerly filled by the return to the alternative writ. The answer must traverse, by distinct and direct denial, the facts alleged in the petition upon which the claim of the relator is founded, or by confession and

avoidance set up other facts sufficient in law to defeat such claim. All the material facts alleged in the petition and not denied by the answer are admitted to be true. (*Chicago and Alton Railroad Co.* v. *Suffern*, 129 Ill. 274; *People* v. *Crabb*, 156 id. 155; 13 Ency. of Pl. & Pr. 725, 734.) The petitioner may demur to the answer or reply, and the defendant can demur or take issue upon the replication, and like proceedings be had in all respects as in other cases at law until issue is formed on the material facts in dispute. (Rev. Stat. chap. 87; *People* v. *Town of Waynesville*, 88 Ill. 469; 13 Ency. of Pl. & Pr. 745.) As in all other cases at law, a failure to deny facts averred is an admission of their truth. In this case the abstract gives no idea as to what facts were alleged in the petition or whether they were admitted or denied in the answer. There is no replication to the answer, and consequently any facts stated in the answer were admitted. The only point made as a ground for reversing the judgment of the Appellate Court is, that the action of the defendants in refusing to award a contract for meat to the relator was the result of arbitrary action and an abuse of the discretion vested in the board. It is said that the evidence shows the defendants made no investigation as to the responsibility of the relator, but arbitrarily refused to award him the contract. This is a question of fact, and the judgment of the Appellate Court is conclusive as to the facts which were in controversy, whatever they may have been. But if there were any question of law presented here, it is manifest that we could not consider it upon the abstract filed in the case. From anything that appears therein we cannot say that error intervened, and the judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*