## City of Charleston v. Andrew Moore et al.

94    51
r195s 221

1. PARTIES—*In Proceedings by Mandamus Against Cities.*—Where mandamus proceedings are resorted to, to compel the passage of a city ordinance in performance of a duty imposed by law, it is only necessary to make the city a party defendant; but when the writ issues it should be against the individual members of the city council.

Mandamus.—Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

AL. RAY, City Attorney, J. H. MARSHALL and CHAS. C. LEE, attorneys for appellant.

JAMES F. HUGHES, attorney for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Coles County awarding a peremptory writ of mandamus, compelling the mayor and city council of Charleston to pass an ordinance disconnecting from the city certain lands of appellees lying within its corporate limits. The petition was in proper form and contained all the statutory requirements.

It is contended that the territory sought to be disconnected does not come within the intent and meaning of the statute, because, over thirty years ago, it was platted for taxing purposes by an assessor, as lots in an assessor's division, and has been conveyed from time to time under such description. It is clear to our minds that the expression, "laid out into city or village lots or blocks," as it appears in the statute, has no reference to such a subdivision.

It is next contended that the court was not warranted in awarding the writ, because only the city was made a defendant in the petition and the members of the city council were not made parties. Where mandamus is resorted to, to compel the passage of a city ordinance in performance of a duty imposed by law, it is only necessary to make the city a party defendant; but when the writ issues it should be against the individual members of the city council. Village of Glencoe v. The People ex rel. John A. Owen, 78 Ill. 382; The People ex rel. Ins. Co. v. Getzendaner, 137 Ill. 262.

The case is like Young et al. v. Cary et al., 184 Ill. 613, where the Supreme Court, reversing the judgment of this court, held, that on a petition to disconnect territory from a village, on a proper showing by petition and proofs, the president and board of trustees of the village could exercise no discretion. In the light of that authority the Circuit Court properly awarded the writ in this case, and the judgment will be affirmed.