THE PEOPLE *ex rel.* Thomas F. Scott, Appellant, *vs.*
FRANK NELSON *et al.* Appellees.

*Opinion filed December 21, 1911.*

1. SCHOOLS—*the board of school trustees has power to adjourn
regular meeting.* The board of school trustees has power to ad-
journ a regular meeting when not restricted by statute, and un-
less such adjournment is an abuse of power it is not the subject
of review.

2. SAME—*when "postponed" meeting is an "adjourned" meet-
ing.* The clerk's record showing that for want of a quorum the
regular meeting of the board of school trustees was "postponed"
to a later date sufficiently shows that the meeting was adjourned
to such date.

3. SAME—*when a petition to create new district may be acted
upon at an adjourned meeting.* The provision of the School law
requiring the board of school trustees, at its regular April meet-
ing, to ascertain whether the statute concerning the formation of
new school districts has been complied with by petitioners and
permitting one adjournment to enable the petitioners to comply
with the law, does not make it imperative that the petition be
acted upon at the regular meeting if the law has been complied
with; and if no quorum is present at the regular meeting the
meeting may be adjourned for that reason to a fixed future date
and the petition be then acted upon.

APPEAL from the Circuit Court of DeWitt county; the
Hon. W. G. COCHRAN, Judge, presiding.

V. F. BROWNE, State's Attorney, HERRICK & HERRICK,
JOHN FULLER, and INGHAM & INGHAM, for appellant.

E. B. MITCHELL, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an information in the nature of *quo warranto*
filed in the circuit court of DeWitt county by the State's
attorney, upon the relation of Thomas F. Scott, against
Frank Nelson, Lawrence Troxel and James Conners, to test
the legality of the formation of school district No. 106 in

DeWitt county, Illinois, and to require them to show by what right and authority 'they are holding and exercising the office of directors of said district No. 106. The information alleges that said district was not created and organized according to law, and that respondents are usurping and exercising the office of directors of said school district without authority of law. Respondents filed a plea of justification, and set up the various steps taken and proceedings had in the organization of the district and their election and qualification as directors. A demurrer to the plea was overruled and issue joined by general and special replication to the plea. A trial was had before the court without . a jury, which resulted in finding the respondents not guilty and a judgment for costs was rendered against the relator. From that finding and judgment this appeal has been prosecuted.      .      .

School district No. 106 is composed of territory taken from four districts previously organized, two of which are in township 21, north, range 1, east of the third principal meridian, and the other two in township 21, north, range 2, east of the third principal meridian. Petitions for the formation of the district were filed with the clerks of the boards of trustees of the respective townships and notice was served on the boards of directors of the districts from which it was proposed to take territory, as required by the statute. At the regular meeting of the trustees of township 21, north, range 1, east of the third principal meridian, held on April 4, 1910, but one trustee and the clerk were present. The meeting was "postponed," or adjourned, until April 11, when two trustees and the clerk were present. One trustee had some time previously removed from the township and his successor had not been chosen. April 11 the trustees took up the consideration of the petition and granted its prayer. The trustees of township 21, north, range 2, east, considered the petition at their meeting on April 4 and refused to allow it. An appeal was taken by

the petitioners to the county superintendent of schools, who affirmed the action of the trustees of township 21, north, range 1, east, and disapproved the action of the trustees of township 21, north, range 2, east, and granted the prayer of the petition and ordered the district should be formed.

No claim is made that the petitions were not in due form or that notices were not properly given. The only question argued in appellant's brief is, that the trustees of township 21, north, range 1, east, had no jurisdiction to consider the petition at the meeting held on April 11. The record of the meeting of April 4, which was made by the clerk and introduced in evidence by appellant, is as follows:

*"Waynesville, Ill., April 4, 1910.*

"At the regular semi-annual meeting of the trustees of schools, township 21, north, range 1, east of the third principal meridian, county of DeWitt, State of Illinois, held in my said office, Waynesville, Ill., on the 4th day of April, A. D. 1910, the following members present: George Robb, trustee; J. F. Dix, township treasurer and *ex-officio* clerk; J. E. Bell, absent. There being no quorum present the meeting was postponed to meet on Monday, April 11, 1910, at two o'clock P. M.     J. F. DIX, *Clerk."*

This record of that meeting shows that at the regular semi-annual meeting of the trustees held in the office of the clerk on April 4, 1910, there was no quorum present and the meeting was postponed to Monday, April 11, 1910. It is true, the word "postponed" is used instead of "adjourned," but as here used it cannot be seriously contended that it has a different meaning. Appellant's position is that it is the imperative duty of a board of trustees, at the regular meeting, to act upon the petition by granting or denying its prayer, if the law has been complied with in filing it and giving notice thereof; that an adjournment of the regular meeting can only be had where it is ascertained at said meeting that the statute has not been complied with, and then one adjournment may be had for the purpose of giving opportunity to comply with the statute. There is no dispute that the law had been complied with in filing the

petitions and giving notice and that the adjournment to April 11 was on account of there not being a quorum present. The appellant insists this was fatal to the validity of the district.

Section 34 of chapter 122 fixes the first Mondays of April and October as the times of the regular meetings of the trustees and provides that two members shall constitute a quorum for the transaction of business. The township treasurer is *ex-officio* clerk of the board of trustees. Section 46 authorizes the trustees of schools, at their regular meeting in April, to divide or consolidate districts, and create new districts out of territory belonging to two or more districts where such districts are wholly within one township, and prescribes the requirements of a petition to authorize such action. Section 47 relates to changes in districts formed of parts of two or more townships, and as to such districts the concurrent action of the trustees of each of the townships in which the district or districts lie is required, upon being petitioned as provided by section 46. Section 52 requires the petition to be filed with the clerk of the board of trustees twenty days before the regular meeting in April, and a copy of the petition to be served on the president or clerk of the school directors of each district affected by the petition. Section 53 makes it the duty of the trustees, when the petition comes before them, to ascertain whether the law has been complied with by the petitioners, and if it has not, the board shall adjourn for not longer than four weeks in order that the provisions of the statute may be complied with, but there can be but one adjournment for that purpose. Section 54 provides that if it shall appear on the day of the regular meeting, or in case of adjournment at the adjourned meeting, that the statute has been complied with, the trustees shall consider the petition, hear any voters of the district affected who may appear to oppose the petition, and shall grant or refuse the prayer of the petition without unreasonable delay.

Subsequent sections relate to appeals to the county superintendent of schools.

If appellant's position is correct, then, notwithstanding the petitioners had complied with the law so as to authorize the trustees of township 21, north, range 1, east, to act on the petition, by the failure of a quorum of the board to attend at the date of the regular meeting jurisdiction to act upon the petition thereafter was lost. We do not believe this is a reasonable construction of the provisions of the statute above set out in substance. It was essential that the petition be presented at the regular meeting of the board in April, and this was done. There being no quorum present at that meeting the petition could not be acted upon but the meeting could be kept alive by adjournment to a later date. If there had been a quorum present April 4 and the board had not completed the hearing "of legal voters of the district or districts affected by the proposed change who might appear to oppose the petition," we see no valid reason why the board could not adjourn to a later date to complete the hearing before final action. It certainly is not the purpose of the statute that a petition should be acted upon on the day of the regular meeting if a reasonable opportunity to the opponents of the petition of being heard required an adjournment. Like all other similar bodies, the board of trustees had power to adjourn a regular meeting when not restricted by the statute, and unless such adjournment is an abuse of the power it is not the subject of review. (1 Ency. of Pl. & Pr. 248; *Magenau & Brunner* v. *City of Fremont*, (Neb.) 9 L. R. A. 786.) The adjournment under consideration, we think, was not in violation of the statute and it was clearly no abuse of power. There being no quorum present, according to parliamentary law the only business that could be transacted was to adjourn. If the adjournment had been without day it might have ended the power of the board to act upon the petition upon its own initiative, but by adjourning to a day fixed one

week later the regular meeting was kept alive for the purpose of transacting the business, including action upon the petition.

In our opinion the judgment of the circuit court was correct, and it is affirmed.  *Judgment affirmed.*