People of the State of Illinois ex rel. Rollin Chamberlin et al., Appellees, v. Trustees of Schools of Township No. 1 et al., Appellants.

Gen. No. 9,376.

Opinion filed May 27, 1943. Rehearing denied July 8, 1943.

JOHN T. INGHRAM, of Quincy, for appellants.

MARK A. PENICK, State's Attorney, and WILLIAMS & WILLIAMS, of Pittsfield, for appellees.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

Defendants have appealed from a judgment of the circuit court of Adams county granting to plaintiffs a writ of mandamus requiring the defendants, Township Trustees of Schools, to give due notice of meetings and hearings and to grant or deny plaintiffs' verified petition for detaching certain territory from one community high school district and attaching the same to another district and assessing the costs of such mandamus proceedings against the defendants.

Brown county lies adjacent to and adjoins Adams county on the easterly boundary line thereof. The Clayton Community High School District No. 60 embraces a number of adjacent townships and parts of townships in Adams county, including parts of three townships lying within and along the westerly boundary line of Brown county and three adjacent townships lying within and along the easterly boundary line of Adams county. The Brown County Community High School District No. 67 lies entirely within Brown

county, immediately east of and adjoining the said Clayton Community High School District No. 60.

Decuple original petitions signed by 268 persons and duly verified, purporting to comprise more than two thirds of a total number of less than 350 legal voters residing within the territory sought to be detached from Clayton Community High School District No. 60 and attached to and made a part of said District No. 67 in Brown county, were filed with the clerks of the Boards of Trustees of Schools of ten townships, including the six townships above mentioned and affected, which petitions prayed that the territory comprised within said mentioned six townships be detached from said Clayton District No. 60 and be added and annexed to said Brown County District No. 67. Trustees of two of the three townships lying within Brown county gave notice of meetings and duly heard, acted upon and granted said petition. The third township in Brown county called and held a meeting, acted upon and denied the petition, and a statutory appeal from that decision was taken to the county superintendent of schools of Brown county where the same is pending. The trustees of the three townships in Adams county failed to act upon or to either grant or refuse the petitions filed with the clerk of the Board of Trustees of Schools of said respective townships.

A complaint praying issuance of a writ of mandamus to require the defendants to call and hold concurrent meetings and act upon the petition by either granting or refusing the same pursuant to the provisions and requirements of the statute was duly filed in the circuit court of Adams county. The defendants who were joined as Trustees of Schools of the three respective townships lying in Adams county and as individuals, being members of each Board of Trustees, were severally summoned and appeared and filed motions to strike the complaint, without limiting their

respective appearances, which motions were overruled by the court. Defendants were ruled to answer and all of the defendants except one Trustee named Padgett, who made default, then filed their answers to the petition, which answers were also stricken on plaintiffs' motion as not presenting any affirmative legal defense and as not admitting or denying material allegations of fact or showing factual lack of knowledge, duly verified, excusing such failure or by otherwise pleading facts tending to disprove or excuse their alleged failure to duly meet, act upon and grant or refuse the petition. Upon leave, amended answers were jointly filed by the defendants of each of the three townships, as Trustees and as individuals, pleading in substance the same matters that had been set up in their stricken answers. A further motion by plaintiffs to strike the verified amended answers setting forth numerous grounds therefor was heard and granted by the court for want of sufficient answers, on similar grounds to those upon which their prior answers had been stricken. No further pleadings were filed by the defendants. The court found that the above verified complaint stated a cause of action, which, with the attached petition, notices, returns and exhibits, made a part thereof, clearly entitled the plaintiffs to the relief prayed. The writ of mandamus was thereupon ordered to issue, requiring the respective defendants and Boards of Trustees to give notice of meetings as set forth in the order and to pass upon or conduct hearings on said petition and either grant or deny the petition and further ordered that the defendants pay the costs of suit. The defendants have perfected their appeal to this court and have assigned errors in entering said orders and final judgment.

The Trustees of township Two (2) South Five (5) West in Adams county had called a special meeting for November 17, 1941 and caused due notice thereof to be given. On that date, the Trustees met with their

counsel present and adjourned to December 8, 1941, when they again met with counsel present, and adjourned to January 5, 1942, at which time only one Trustee was present and no action of any kind was then or thereafter taken by said Trustees on that petition. The Trustees in township One (1) South Five (5) West in Adams county, met and called a similar meeting for November 18, 1941 and gave due notice thereof. On that date, they met and adjourned the meeting to December 16, 1941 when they again met, having counsel present, and adjourned to February 10, 1942, on which latter date one Trustee appeared and no action granting, denying or otherwise disposing of said petition was then or thereafter taken. The Trustees in township One (1) North Five (5) West in Adams county failed and refused to call any meeting and no action whatsoever was taken in the way of giving notice or calling a meeting or by granting or denying or otherwise passing upon said petitions. The Trustees of said respective townships were repeatedly urged to take action by holding due hearings and either granting or denying the petitions, but wholly failed to do so. The plaintiffs appellees set forth in their verified complaint the various steps and procedure allegedly taken by them as indicated by statute, with copy of the signed and verified petition of resident legal voters, and contend that they had in all respects strictly complied with the requirements of the statute for detaching territory from one community high school district and adding and annexing it to another district in compliance with all such statutory provisions.

An answer in a mandamus suit must set up a sufficient defense and should deny facts alleged in the petition or confess and avoid them, by specifically averring facts, which are sufficient in law to defeat the claim or to lawfully excuse the conduct of the respondents. *People v. Lueders,* 287 Ill. 107, 109, 122 N. E.

374; *People v. Board of Com'rs of Cook County,* 180 Ill. 160, 54 N. E. 164. A failure to deny material facts well pleaded is an admission of their truth. *People v. Board of Com'rs of Cook County, supra; Chicago & A. R. Co. v. Suffern,* 129 Ill. 274, 21 N. E. 824. An answer must be sufficient as a whole or it should be stricken upon motion therefor, since the suit is an action at law and not in chancery wherein parts of an answer may be stricken and the remainder permitted to stand. *People v. Powell,* 274 Ill. 222, 113 N. E. 614; *People v. Board of Review,* 329 Ill. 388, 394, 160 N. E. 755. The answer must state positive and definite facts upon which the defendants rely as a defense. Conclusions of the pleader are not sufficient, and if the answer consists merely of general statements and conclusions, the relief prayed for will be granted upon the petition. *People v. City of Chicago,* 377 Ill. 573, 576, 37 N. E. (2d) 151; *City of Chicago v. People ex rel. Union Trust Co.,* 215 Ill. 235, 237, 239, 74 N. E. 137; *Chicago & A. R. Co. v. Suffern, supra; People v. Lueders, supra; Halliday v. Board of Pulaski County Comm'rs,* 203 Ill. App. 178, 182.

Defendants, in their numerous amended answers which were stricken by the court, persistently avoided direct admissions or denials of numerous allegations of the complaint by alleging lack of knowledge of many matters which were patently within their knowledge or of record in the offices of the respective defendants, and in each instance could have been independently answered by various defendants; who saw fit, however, to file answers jointly on behalf of all defendants of each township, pleading conclusions of lack of knowledge concerning such matters or concerning matters which could not be collaterally raised or attacked in a mandamus proceeding. Such evasive pleadings were properly stricken by the court as not meeting the requirements of the Civil Practice Act.

By their answers, defendants also sought to ques-

tion the corporate legality of the high school districts. The legality or existence of a community high school district cannot be questioned by an answer in a mandamus proceeding, but must be directly presented by a proceeding in the nature of a quo warranto or scire facias. *People v. Trustees of Schools,* 111 Ill. 171, 173, 175; *People v. Powell, supra; Union School Dist. Directors v. New Union School Dist. Directors,* 135 Ill. 464, 28 N. E. 49; *Renwick v. Hall,* 84 Ill. 162. We hold that the defendants' motions to dismiss the complaint were properly denied and that the answers upon which defendants rely were insufficient and were properly stricken.

A petition by resident legal voters in compliance with the requirements of the statute is a prerequisite to the jurisdiction of the Board of Trustees to act, and likewise to the jurisdiction of any tribunal hearing the case on certiorari or appeal from the Board (*Bourland v. Snyder,* 224 Ill. 478, 480, 79 N. E. 568,) or, as here, in a collateral mandamus proceeding.

Section 46 of chapter 122, entitled Schools, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 123.049], confers on Boards of School Trustees authority, among other provisions, to detach territory from one district and add it to another district adjacent thereto, . . . '' when petitioned by two-thirds of the legal voters residing within the territory described in the petition, asking that such territory be detached from one district and added to an adjacent district.''

The petition must recite and show that it is signed by the requisite two thirds of the total number of legal voters residing in the territory sought to be detached as essential to the jurisdiction of the Trustees to make the change. The necessary statutory requirements were met by the petition as shown by the verifications attached thereto and as set forth in the verified complaint. The question of the number of legal voters signing the petition for detachment, regular on its

face, or whether they were severally legal voters cannot be collaterally raised and litigated here by answer in a mandamus proceeding averring lack of knowledge in relation thereto. (*Cleary v. Hoobler,* 207 Ill. 97, 99, 69 N. E. 967.)

Section 47 of the above chapter provides that

"Changes in the boundaries of districts which lie in separate townships, and of districts formed of parts of two or more townships, may be made at any semi-annual meeting of trustees in April or October, or at any special meeting held for such purpose, by the concurrent action of the several boards of trustees in which the district or districts lie, each board being petitioned as provided in the preceding section of this act."

The foregoing concurrent action has been construed to mean the separate action of each board and not the joint action taken by all of the boards. While changes in the boundaries of districts which lie in separate townships can only be made by the concurrent action of the several Boards of Trustees in which the district or districts lie, the words "concurrent action" do not mean or imply joint action, but the independent action of each board, acting separately, each agreeing to such change and each board having jurisdiction to act in the premises, subject to the right of appeal therefrom as provided by statute. *Heppe v. Mooberry,* 350 Ill. 641, 647, 183 N. E. 636.

Section 52 of the above chapter requires that such petition be filed with the clerk of the respective Boards at least 20 days before the meetings at which the same is acted upon and that copies of the petition with written notices signed by one or more of the petitioners be delivered at least 10 days before the same is to be considered, to the president or clerk of the school directors of each district whose boundaries will be changed if the petition is granted. Allegations of the

service of such 10 days' notice on all interested parties were set forth in the verified complaint. The actual time that the same remained upon file was not so set forth but a compliance with the statute was alleged and it is provided by section 53 of said chapter that,

"When a petition shall come before the trustees of schools asking for a change in the boundaries of districts, it shall be the duty of the trustees to ascertain whether the foregoing provisions have been strictly complied with. If it shall appear that they, or either of them, have not been complied with, the board shall adjourn for not longer than four weeks, in order that the foregoing provisions may be complied with. There shall be but one adjournment for such purpose."

Section 54 of said chapter further provides that,

"If it shall appear on the day of the regular meeting, or special meeting in case same is provided for herein, or in case of adjournment at the adjourned meeting, that such provisions have been complied with, the trustees shall consider the petition, hear any legal voters of the district or districts affected by the proposed change who may appear to oppose the petition, and shall grant or refuse the prayer of the petitioners without unreasonable delay. After the trustees of schools have considered the petition, no objection shall be raised as to its form, and their action shall be prima facie evidence that all requirements have been complied with."

Then follows provisions in section 55 of said chapter for appeal from the decisions of the Board of Trustees.

Under the statutory provisions, *supra,* it became the express duty of the respective Boards of Trustees to pass upon the petition for change of boundaries and if the same did not comply with the requirements of the statute, it was their duty to adjourn for a period not exceeding four weeks in order that such provision

may be complied with. The purpose of the adjournment of a meeting by the Board of Trustees provided for by the statute, is to ascertain whether or not the requirements of the statute concerning the petition have been strictly complied with in some particular and only one adjournment for not more than four weeks for that purpose is provided for in the statute. *People v. Nelson,* 252 Ill. 514, 96 N. E. 1071; sec. 53, ch. 122, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 123.056]; sec. 54, ch. 122, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 123.057]. If it appears at such meeting or adjourned session thereof, that all statutory requirements have been complied with, it becomes the express duty of the Board of Trustees to conduct hearings and consider the petition and to ''grant or refuse the prayer of the petitioners without unreasonable delay.'' Although proponents of the petition were present in person and by counsel at such adjourned meetings, the two Boards of Trustees whose counsel were also present, took no action and held no hearing thereon but again continued the meetings to a subsequent date more than four weeks later than the first meeting, when no quorum appeared and no hearing was had and said Boards thereby wholly ignored and failed to comply with the express mandatory requirements of the above cited statutes. The third Adams County Board, as stated, neither called nor held any meetings, nor did they take any action whatsoever in compliance with such statutory requirements. The duty imposed upon such Trustees by section 54, *supra,* was an exercise of ministerial powers and not one of discretionary judicial powers. *People v. Board of Education,* 380 Ill. 311, 315, 43 N. E. (2d) 1012 and citations. Where the duty of an officer is fixed and certain, the performance of such duty is ministerial. *People v. May,* 251 Ill. 54, 57, 95 N. E. 999.

It is also contended by the defendants that since the four weeks' time for which the statute permitted them

to hold adjourned meetings has expired and since the last meeting of two of the Boards failed to adjourn to any fixed date, the Boards have lost jurisdiction and that the court has no jurisdiction to order any meeting or action by the Board. We deem this contention to be without merit. (*People v. Lueders, supra; People v. Nelson, supra.*) Persons seeking a change in a school district who have done all that the law requires of them will not be defeated in their purpose by the neglect or refusal of the Trustees of Schools to take the steps required of them by statute and such failure will not invalidate any prior acts in that regard. *Union School Dist. Directors v. New Union School Dist. Directors, supra.* Trustees of municipal corporations cannot, by adjourning their meetings, place themselves beyond the coercive power of the court to compel by mandamus the performance of a duty or duties enjoined upon them by law. *People ex rel. Bunge v. Downers Grove Sanitary Dist.*, 281 Ill. App. 426. They may be compelled to reassemble and perform that duty even though, through neglect or failure, they could no longer have done so of their own volition. Any evasion of a positive duty amounting to virtual refusal to perform that duty, or conduct from which a refusal can be conclusively implied is equivalent to a positive refusal. *Loewenthal v. People,* 192 Ill. 222, 231, 232, 61 N. E. 462; *People ex rel. Bunge v. Downers Grove Sanitary Dist., supra; Board of Sup'rs v. People,* 226 Ill. 576, 580, 80 N. E. 1066.

Mandamus is the proper remedy in a case wherein an officer is charged with failure to perform a mandatory public duty and no demand and refusal to perform such duty is a necessary precedent to the institution of mandamus proceedings. *Trustees of Schools v. People,* 76 Ill. 621; *Trustees of Schools v. People ex rel. Duffy,* 121 Ill. 552, 555; *Trustees of Schools v. People,* 25 Ill. App. 25. Appellants' counsel are in error in the contention that it is now too late to

seek a remedy by mandamus and that the same would be unavailing at this time. The cited cases are not in point. See *People v. Lueders, supra*. It is there aptly said that, "It would be a reproach to the law if there is a right and no means to vindicate and maintain it, and that would be the case if the respondents, by refusing to perform their duty, have absolved themselves from all obligations of the law."

We have carefully examined the question of service had upon the corporations and upon the individuals who are defendants and have appeared in this proceeding and we find therefrom that the court has jurisdiction of both the parties and the subject matter of the cause of action; that the corporation is a necessary party and that the Trustees as individuals are proper parties to this proceeding, and we find no merit in the contentions of the defendants to the contrary. The removal of an individual Trustee from a township, who is a party defendant to the pending mandamus proceedings, will not affect the jurisdiction of the court to proceed against the Board and its member Trustees. *Hotchkiss v. City of Calumet City*, 377 Ill. 615, 620, 37 N. E. (2d) 332. We hold further that where the duty of a public official is fixed and a mandamus writ necessarily issues to compel him to perform that official duty, costs may properly be assessed against him as an individual. *People v. Edmands*, 252 Ill. 108, 119, 96 N. E. 914; *People v. Board of Sup'rs*, 294 Ill. 579, 585, 128 N. E. 645; *Hendricks v. Gamble*, 217 Ill. App. 422; see ch. 87, sec. 5, Mandamus, Ill. Rev. Stat. Although the corporation is the only necessary party to the proceeding, the Trustees as individuals are proper parties and should be served with the peremptory writ. *Village of Glencoe v. People*, 78 Ill. 382; *People v. Getzendaner*, 137 Ill. 234, 263, 34 N. E. 297; *People v. Raymond*, 186 Ill. 407, 423, 57 N. E. 1066; *People v. City of Casey*, 241 Ill. App. 91; *City of Charleston v. Moore*, 94 Ill. App. 51, 52.

We have carefully considered numerous other contentions of the defendants, which we have not discussed herein and in which we cannot concur. Finding no reversible error in the record, the judgment of the circuit court of Adams county will be affirmed.

*Judgment affirmed.*