# THE CHICAGO, BURLINGTON & QUINCY RAILROAD CO.

## *v.*

## J. J. COLE *et al.*

1. INJUNCTION — *to restrain the collection of taxes.* A court of equity will not entertain a bill to restrain the collection of a tax, except in cases where the tax is unauthorized by law, or where it is assessed upon property not subject to taxation, or where the property has been fraudulently assessed at too high a rate. In either of these cases an injunction will properly lie to restrain the collection of the tax.

2. STATE BOARD OF EQUALIZATION — *power of courts to interfere with its action.* It is not the duty of the courts to exercise any supervisory care over the valuations of property or franchises by the State Board of Equalization, so long as it acts within the scope of the powers with which it is invested, and in obedience to what may reasonably be presumed to be an honest judgment, however much the courts may disagree with it. But whenever the board undertakes to go beyond its jurisdiction, or to fix valuations through prejudice or a reckless disregard of duty, in opposition to what must necessarily be the judgment of all persons of reflection, it is the duty of the courts to interfere and protect the tax payers against the consequences of the act. When its jurisdiction is conceded, no mere difference of opinion as to the reasonableness of its valuations will justify equitable interference.

3. Where a bill to enjoin the collection of the tax of a railway company charged that the State Board of Equalization assessed the capital stock of the company, including its franchise, beyond its actual value, and that, in making this assessment, they added to what they had determined the value of the capital stock, not only the indebtedness of the company, but also the indebtedness of six other railroad companies of which it was lessee, one of which lies without the State, for the payment of none of which the company was liable, such indebtedness of other companies so added being $6,756,000, and this latter fact was admitted by a demurrer, and the court below sustained the demurrer: *Held,* that the court erred in sustaining the demurrer. It was improper to take into consideration the indebtedness of the other companies in fixing the valuation of the property of the company seeking to enjoin the tax.

APPEAL from the Circuit Court of Du Page county; the Hon. SILVANUS WILCOX, Judge, presiding.

This was a bill in equity, by the appellant against the appellees, to enjoin the collection of a tax. The opinion states the material facts.

Mr. O. H. Browning, and Messrs. Walker, Dexter & Smith, for the appellant.

Mr. Jas. K. Edsall, Attorney General, for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

We deem it sufficient for the present to discuss but a single question arising on this record.

The substance of the rule adopted by the State Board of Equalization for determining the value of the capital stock, including the franchise, over and above the assessed value of the tangible property of corporations, under the 4th clause of section 3 of the revenue act of 1872, was, to add the market or cash value of the shares of capital stock to the market or cash value of the debt, and from the sum thus produced, deduct the assessed value of the tangible property. Without attempting to justify the wisdom or entire accuracy of this rule, we said, in *Porter et al.* v. *R. R. I. & St. L. R. R. Co.* (January term, 1874), and reported in 76 Ill. 561, that as, in our opinion, an approximation to the required valuation might be thus obtained, we could not hold that the mere adoption and application of the rule were sufficient evidence of fraud upon the part of the Board of Equalization, or that property had been assessed against the corporation which did not belong to it, upon which it was to be taxed, to authorize a court of chancery in interfering by way of injunction. This, of course, implied that the rule should be adhered to and faithfully applied in the several assessments to which it was applicable.

In the case referred to, we also held, that a court of equity will never entertain a bill to restrain the collection of a tax, except in cases where the tax is unauthorized by law, or where it is assessed upon property not subject to taxation, or where the property

has been fraudulently assessed at too high a rate.    In either of the excepted instances, it was conceded that an injunction would properly lie to restrain the collection of the tax; and such is the long established and well recognized practice in this court.    The only reason and excuse for adding the value of the debts to the value of the aggregate shares of capital stock, to ascertain the present value of the whole capital stock, including the franchise, was supposed to lie in this:    That all the shares of capital stock represented every thing of value, tangible and intangible, belonging to the corporation, and which compose its capital stock, including its franchise; and, therefore, the aggregate value of these might be fairly assumed as the equivalent of the entire value of the capital stock, including the franchise of the corporation, if it were free from debt; but if the corporation were indebted, the indebtedness would, presumptively, to that extent, reduce the value of the shares of stock, and they would, consequently, then fail to represent an amount equivalent to the present value of the capital stock, including the franchise, by the amount of the value of the indebtedness.

The bill before us charges that the Board of Equalization assessed the capital stock, including the franchise, of appellant, beyond their actual value; that in making this assessment, they added to what they determined the value of its capital stock, not only the indebtedness of appellant, but also the indebtedness of six other railroad companies of which it was lessee, one of which lies entirely without the State of Illinois, for the payment of none of which is appellant responsible, nor is it interested therein as owner.    The amount of this indebtedness is alleged to be $6,756,000.

The demurrer admits these allegations to be true.

We can conceive no possible process by which the amount of this indebtedness can be made to show the present value of that which belongs to appellant.    It cannot be said to reduce the value of its shares of stock, because its payment demands nothing which would otherwise, in any contingency, belong to

the shareholder.   The effect of it is, necessarily and unavoidably, to increase the valuation of the capital stock, including the franchise, of appellant, $6,756,000 beyond what it should be.

If, as it must be, to be sustained, the rule adopted by the Board of Equalization, by which to be governed in making this class of assessments, may be regarded as the honest expression of the judgment of the majority of the board, then it is plain, this assessment, because in violation of that rule, and consistent with no other reasonable theory of valuation, cannot be the honest judgment of a majority of that board.   It is an arbitrary and unreasonable valuation.   Because the law has devolved on the Board of Equalization, and not on the courts, the duty of making such valuations, we hold it is not the duty of the courts to exercise any supervisory care over its valuations, so long as it acts within the scope of the powers with which it is invested, and in obedience to what may reasonably be presumed to be an honest judgment, however much we may disagree with it. But whenever the board undertakes to go beyond its jurisdiction, or to fix valuations through prejudice or a reckless disregard of duty, in opposition to what must necessarily be the judgment of all persons of reflection, it is the duty of the courts to interfere and protect tax payers against the consequences of its acts. Where its jurisdiction is conceded, no mere difference of opinion as to the reasonableness of its valuations will justify equitable interference ; but its valuations must be the result of honest judgment, and not of mere will.

The attorney general insists that the amount of the valuation, as fixed by the board, contradicts the allegations in the bill. This is not sufficient.   By his demurrer, he admits that an improper item of $6,000,000 and more enters into that valuation, and that the valuation, as returned, exceeds the real value of that which ought to have been assessed.

The decree of the court below is reversed, and the cause remanded, with directions to that court to overrule the demurrer, and allow appellee to answer.

                                        *Decree reversed.*