E. W. BATES

*v.*

LYNN R. PARKER *et al.*

*Opinion filed April 18, 1907.*

1. TAXES—*when equity will entertain bill to enjoin collection of tax.* Equity will entertain a bill to enjoin the collection of a tax where it appears from the bill that the complainant, after complying with the statute and making a sworn statement of deductions, had no taxable credits, but that the assessor fraudulently and without the knowledge of the complainant added a large sum to the schedule as credits which had already been included in the list of deductions, and that the board of review refused to strike such item from the schedule and through ill-will arbitrarily increased the assessment still further.

2. SAME—*effect where one allegation of bill is indefinite.* The fact that one allegation of a bill to enjoin the collection of a tax is indefinite in stating that the complainant did not have any credits upon the first day of April, "as he now remembers," does not justify the court in refusing to entertain the bill, where, ignoring such allegation, there remain enough averments in the bill to entitle the complainant, *prima facie,* to the relief prayed.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

BLINN & COVEY, and HUMPHREY & ANDERSON, for appellant:

A court of equity will enjoin a tax assessed and levied upon property not owned by the person against whom it is assessed or where it is not assessed by authority of law. *Weber* v. *Baird,* 208 Ill. 217; *Ayers* v. *Widmayer,* 188 id. 121; *Searing* v. *Heavysides,* 106 id. 85; *Irwin* v. *Railroad Co.* 111 id. 481.

Under the Revenue law of this State, where a person has credits payable to him that are equaled or exceeded by his *bona fide* debts, the credits are not property, within the meaning of this statute, for assessment, but only the excess con-

stitutes property for taxation. Homestead Ass. v. Keith, 153 Ill. 622.

If an assessment was made, with full knowledge of the facts, from a wrongful or fraudulent motive by the assessor, and a tax based thereon, equity will take jurisdiction to undo the wrongful act. Clock Co. v. Kochersperger, 175 Ill. 389; Weber v. Baird, 208 id. 216.

An appeal can only be taken from the decision of the board of review in cases where property is alleged to be exempt from taxation and the board holds it is not exempt. Dutton v. Board of Review, 188 Ill. 389; Bridge Co. v. People, 185 id. 279.

In allowing solicitor's fees upon dissolution of an injunction, it was only intended to reimburse defendants for money which they had paid or become liable to pay. The proof must show, as preliminary to the right to assess damages, that a liability has been created by defendants. Jevne v. Osgood, 57 Ill. 340; Door Co. v. Parks, 79 Ill. App. 188.

Peter Murphy, and Baldwin & Stringer, for appellees:

The burden of showing matters in avoidance of the tax is upon the person objecting thereto. Coal Co. v. Baker, 135 Ill. 545; People v. Keener, 194 id. 16; Tolman v. Raymond, 202 id. 197.

A tax may be enjoined only when relief by injunction is necessary to prevent a multiplicity of suits, relieve against fraud, accident or mistake, avoid irreparable mischief, or afford some remedy for which the law is inadequate. Coxe Bros. v. Salomon, 188 Ill. 571; Williams v. Dutton, 184 id. 608; Siegfried v. Raymond, 190 id. 429; Martin v. Barrett, 188 id. 288; Ayers v. Widmayer, id. 121.

In the absence of fraud, equity cannot entertain a bill to enjoin the collection of taxes upon the ground that the valuation is too high and not made in accordance with the statute. Ayers v. Widmayer, 188 Ill. 121.

Courts will not interfere, by injunction, to prevent the collection of taxes because there have been irregularities in the assessment. *Railroad Co.* v. *Frary, 22* Ill. 34.

While the assessment should show the increased valuation of the different kinds of property as made by the board of review, yet the omission of such showing is not ground for enjoining the collection of the tax. *Express Co.* v. *Raymond,* 189 Ill. 232; *Earl & Wilson* v. *Raymond,* 188 id. 15; *Martin* v. *Barrett,* id. 288; *Kimbark* v. *Raymond,* id. 66; *Pratt* v. *Raymond,* id. 469.

If a tax-payer omits from his schedule personal property, it is not only the right, but it is the duty, of the assessor, on learning that fact, to place it on the schedule, and he is not required to give the tax-payer any notice whatever of his action in that regard. *Morris* v. *Jones,* 150 Ill. 542.

Whatever fraud there may have been in the original assessment was purged by the hearing and action of the board of review. *Stock Car Co.* v. *Traeger,* 187 Ill. 9.

Attorney's fees necessarily incurred in dissolving an injunction may be allowed in assessing damages. *Walker* v. *Pritchard,* 135 Ill. 103; *Keith* v. *Henkleman,* 173 id. 137.

The attendance of an attorney and his conduct of the trial raises the presumption of a retainer and liability to pay usual fees, and damages may be given for a liability to pay as well as for actual payment. *Siegel* v. *Hanchett,* 33 Ill. App. 635; *Bank* v. *Freeman,* 87 id. 622.

Where an attorney appears in open court and argues the motion to dissolve the injunction a retainer may be inferred, and it would have to be rebutted before the presumption would be overcome. *School Directors* v. *Trustees,* 66 Ill. 247.

If a tax-payer deducts his indebtedness from his credits, it must be done in the manner provided by section 29 of the Revenue act. It is not for him to say the indebtedness equals or exceeds the credits and therefore refuse to list the credits. *Morris* v. *Jones,* 150 Ill. 545; *Sellars* v. *Barrett,* 185 id. 475; *Siegfried* v. *Raymond,* 190 id. 429.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant, E. W. Bates, filed his bill for an injunction in the circuit court of Logan county against appellees, Lynn R. Parker, town collector of the town of East Lincoln, in said county, and other tax officers, to restrain them from collecting an assessment against him which he alleges in his bill was illegally made for the year 1905. A temporary injunction was issued and later a motion made on behalf of the defendants to dissolve the same. The complainant, by leave of court, filed an amended bill, to which the defendants demurred. The court overruled the demurrer as to $1500 of the assessment and sustained it as to $11,900 thereof. Upon suggestion of damages a solicitor's fee of $50 was allowed the defendants. An appeal has been prosecuted to this court, upon which appellant questions the ruling of the circuit court in sustaining the demurrer to his amended bill, and appellees assign cross-errors questioning the ruling of that court as to the $1500 assessment.

The principal question for our determination is whether or not the bill, on its face, states such a cause of action as will entitle the complainant below to equitable relief. As amended, it alleges that complainant was a resident of the town of East Lincoln, and on the 16th day of May, 1905, called upon the assessor of the town and made and swore to a schedule of his personal property before him, amounting in the aggregate to $360; that at the time of making this schedule he had a conversation with the assessor relative to his credits, and afterwards made a sworn statement of deductions which he claimed should be offset against his credits, in accordance with section 29 of chapter 120, Hurd's Revised Statutes of 1905, and delivered the same to the assessor on June 9, 1905, from which statement it appeared that his credits were $13,500 and that he was entitled to deductions in the sum of $14,000; that on a later date a deputy of the assessor illegally and fraudulently, and without knowledge of complainant, added to the schedule first

filed, the sum of $11,900, full value, as credits of other than bank, banker, broker or stock jobber, entered the same on the assessor's books and returned the schedule and assessor's books to the county treasurer, and that the item of $11,900 was included in the credits listed in the statement of deductions. The bill contains certain allegations evidently designed to show that on April 1, 1905, complainant's credits were much less in amount than the aggregate of the deductions to which he was entitled, and states that he appeared before the board of review on August 1, 1905, in response to notice to show cause why his personal assessment should not be increased, and he then discovered for the first time that there had been added to his schedule $11,900 of credits, and he asked the board of review to cause this item to be stricken from his assessment; that the board, well knowing that complainant was entitled to have the item of $11,900 stricken from his assessment, illegally and fraudulently, and through ill-will which the members of the board entertained for the complainant, wrongfully and fraudulently refused to strike that item from his assessment and refused to allow the deductions claimed, and illegally and arbitrarily raised his personal assessment an additional amount of $1500, full value, without showing upon what the assessment was made; that taxes have been wrongfully extended against him on the assessment value of said sums of $11,900 and $1500, which taxes amount to $222.28, and that the collector of East Lincoln township is threatening to levy upon his property to collect said tax, and that appellant has tendered the amount of taxes due on his personal property assessment not in dispute. The schedule and statement filed by appellant and the orders of the board of review are made a part of the bill and annexed as exhibits thereto.

Section 27 of chapter 120 (Hurd's Stat. 1905, p. 1646,) provides as follows: "In making up the amount of credits which any person is required to list for himself or for any other person, company or corporation, he shall be entitled

to deduct from the gross amount of credits the amount of all *bona fide* debts owing by such person, company or corporation, to any other person, company or corporation, for a consideration received," etc. Section 29 of the same act is as follows: "In all cases where deductions are claimed from credits, the assessor shall require that such deductions be verified by the oath of the person, officer or agent claiming the same," etc.

In the case of *People's Loan and Homestead Ass.* v. *Keith,* 153 Ill. 609, in passing on the foregoing sections, we said (p. 622): "It may be conceded that credits are property, but if a tax-payer holds a promissory note for $1000 against A and at the same time is indebted to B in the sum of $1000 he has no credits. If A borrows of B $1000 and loans the same money to C, can it be said that A has property of the value of $1000?—or, in other words, is he worth $1000? The method adopted by the legislature in requiring credits to be assessed was intended to reach such credits as the tax-payer possessed, and the only just mode that could be adopted was one allowing all *bona fide* debts to be deducted, leaving the balance in his hands liable to be taxed, and in our judgment the adoption of this mode of assessment of credits exempts no property from taxation." In the case of *Allwood* v. *Cowen,* 111 Ill. 481, we held that a person not a banker, broker or stock jobber is entitled, under section 27, to deduct from his credits for each year the amount of *bona fide* debts owing by him for the same years, respectively, and only the balance of the credits is subject to taxation. The schedule, as provided in section 27, was filed by the appellant with the assessor and was in substantial compliance with that provision of the statute, but according to the allegations of the bill the schedule was wholly disregarded by both the deputy assessor and the board of review. The question therefore arises whether such disregard and conduct will entitle the complainant to relief in a court of equity.

As a general rule, courts of equity will not review the action of boards or officers authorized to make assessments, solely upon the ground that property is assessed in excess of its true value, unless it can be said that the assessment is so grossly out of proportion to the actual value as to indicate that the assessing body could not have been honest in its valuation. (*Burton Stock Car Co.* v. *Traeger,* 187 Ill. 9; *Dempster* v. *City of Chicago,* 175 id. 278.) But we have held that a court of equity will entertain jurisdiction to review an assessment where it has been levied upon property which the tax-payer did not own at the time of the assessment, or where the assessment is levied upon property which was by law exempt from taxation, or where an assessment was made, with full knowledge of the facts, from the wrongful or fraudulent motive of the assessor. (*Weber* v. *Baird,* 208 Ill. 209; *New Haven Clock Co.* v. *Kochersperger,* 175 id. 383.) The bill clearly shows that appellant complied with sections 27 and 29 of the statute. The credits held by him were therefore not subject to taxation. They represented property which, in view of his indebtedness, he did not own. The bill alleged the deputy assessor illegally and fraudulently added to the schedule $11,900, and that the board of review illegally added $1500 more to his assessment. Attached to the bill are exhibits, which are made a part thereof, consisting of the schedules, orders of the board of review, etc., and taking the allegations of the bill as true, as we must upon demurrer, they were sufficient to authorize the intervention of a court of equity, both upon the grounds of fraud and that the appellant was assessed upon property which he did not own. The allegations of the bill were sufficient to require the defendants to answer and allow the complainant the opportunity of a trial upon the merits. It is true, one paragraph of the bill states that complainant was not, on the first day of April, 1905, the owner of any credits and did not have any money due and payable therefor except the amount of $1000, which

was and still is in dispute, *as he now remembers*, etc.　This part of the bill is indefinite and of itself would not be sufficient to entitle the complainant to relief, but ignoring that allegation altogether, enough is still found in the bill, as above shown, to give a court of equity jurisdiction.

Under their assignment of cross-errors the defendants below seek a reversal of the decree holding the $1500 assessment illegal, and appellant questions the allowance of the attorney's fee.　We are unable to see upon what ground the court below could hold the $11,900 assessment valid and at the same time hold the additional $1500 assessment illegal.　Manifestly, on the showing of the bill, if one of these assessments was illegal and void both must have been so, and *vice versa*.　But what we have already said will dispose of both the cross-errors and the objection to the allowance of the solicitor's fee.

The decree of the circuit court will be reversed and the cause remanded for further proceedings in conformity with the views expressed in this opinion.

*Reversed and remanded.*