THE CALUMET AND CHICAGO CANAL AND DOCK COMPANY, Appellant, *vs.* WILLIAM L. O'CONNELL, County Collector, Appellee.

*Opinion filed October 16, 1914.*

TAXES—*State Board of Equalization cannot make an arbitrary assessment of capital stock.* The State Board of Equalization has no right arbitrarily to assess the capital stock of a corporation in disregard of its own rules for assessing the capital stock of all corporations and without reference to the requirements of such rules or any attempt to ascertain the actual value of such capital stock by any of the methods open to it.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

PRINGLE & FEARING, and BENTLEY, BURLING & SWAN, for appellant.

MACLAY HOYNE, State's Attorney, (CHARLES CENTER CASE, JR., and WILLIAM H. DUVAL, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The State Board of Equalization assessed the fair cash value of the capital stock of the appellant, the Calumet and Chicago Canal and Dock Company, over and above the assessed value of its tangible property, for the year 1908 at $100,000, for 1909 at $105,000, for each of the years 1910, 1911 and 1912 at $150,000, and for 1913 at $45,000. Each year the appellant filed a bill to enjoin the collection of taxes on the assessment, and the bill in this case was filed in the superior court of Cook county to enjoin all the taxes, pursuant to an agreement for the dismissal of the former suits and the uniting of the objections to all the assessments in one bill. The court having sustained a demurrer, dismissed the bill for want of equity, and the complainant appealed.

It is averred in the bill that the appellant was organized for the purpose of maintaining docks, slips, canals, etc., and acquired a large amount of unimproved land near Lake Calumet, in Chicago, the greater part of which has not been salable owing to lack of drainage, and the sole business of the appellant for many years has been caring for and attempting to dispose of this vacant real estate. In each of the years from 1908 to 1913, inclusive, its tangible property was assessed and the assessment confirmed by the board of review of Cook county, the amount varying from $3,039,-846 in 1908 to $2,036,092 in 1913. In each of these years the appellant filed with the board of assessors a schedule, as required by section 32 of the Revenue law, and mailed a copy to the State Board of Equalization. The rules of the State Board of Equalization for the assessment of the fair cash value of the capital stock of corporations in excess of the equalized valuation of their tangible property provide, in substance, that the fair cash value of the shares of capital stock and the amount of the indebtedness of the corporation, except indebtedness for current expenses, shall be added together and the aggregate amount shall be equalized with other property throughout the State, and from the aggregate amount so equalized shall be deducted the aggregate equalized valuation of all tangible property of the corporation, and one-third (in 1908 one-fifth) of the remainder shall be the assessed value of the capital stock of the corporation over and above its tangible property. At no time during the years in question did the appellant have any indebtedness except for current expenses, and at no time did its indebtedness, except for taxes, exceed $2000. During all these years the appellant's shares of stock were listed on the Chicago Stock Exchange, an association organized for the purpose of affording a market for the purchase and sale of shares of stock and other securities, particularly those of corporations located in Chicago and its vicinity. This exchange has been the regular market where the ap-

pellant's shares have been bought and sold, and there has been no other market for them and they have not been listed or traded in on any other exchange or market. They have been regularly bought and sold on the Chicago Stock Exchange throughout the years in question and during the preceding ten years, and at no time has there been any speculation in the shares of stock of the appellant, and the record of sales on the stock exchange has not been in any way fictitious but has at all times represented the fair cash value of the shares. During the years in question and the ten preceding years the fair cash value of said shares, as fixed by actual sales on the stock exchange, has varied from $40 per share to $82.50 per share, and no share has ever sold at private sale or in any market or exchange for a greater price, and at no time has the actual value of the shares exceeded $82.50. The bill sets out the number of shares sold on the Chicago Stock Exchange from 1898 to 1913, inclusive, together with the highest, lowest and average price in each year, and makes a comparison with the value of the tangible property of the appellant as assessed, showing that the tangible property assessment exceeded the value of all the shares of capital stock of the appellant, taken at its highest price during each year, from $216,477 to $1,127,113. In 1908 the State Board of Equalization added to the tangible property assessment $100,000 as a capital stock assessment, in 1909 $105,000, in 1910, 1911 and 1912, each year, $150,000, and in 1913 $45,000. The State Board of Equalization made no investigation of the facts in regard to the value of the stock and had no information or facts before it except those stated in the bill and shown by the appellant's schedules, and there were no other facts and no other information as to the value of the stock to be obtained or in existence. The board made no attempt to ascertain the facts and disregarded its rules as to determining the fair cash value of the capital stock, and, in disregard of the real value of the capital stock, arbitrarily fixed the valua-

tion of the capital stock at a lump sum for the purpose of producing the result which was produced and not in the exercise of honest judgment.

It is apparent from the foregoing statement of the aver- ments of the bill, which are admitted by the demurrer, that in accordance with the rules of the board for the assessment of the capital stock of all corporations there could be no assessment of the capital stock of the appellant in excess of the equalized valuation of its tangible property. The facts in regard to the valuation of the tangible property of the corporation, the amount of its indebtedness and the market value of its stock are averred, and it is admitted that in no year did the value of its stock exceed the valuation of its tangible property, and there was no indebtedness of the corporation which, under the rules, could be added to this value. There was therefore no basis for an assessment of capital stock in excess of the valuation of the tangible property. The appellant was engaged in no business except caring for and attempting to dispose of this property. In fixing the fair cash value of the shares of capital stock the rules authorized the board to take into consideration, among other things, not only the value of the shares of stock and the quotation of such shares in the market, but also the books of the corporation, the returns made to the Auditor of Public Accounts, and such other information as the board might have or be able to obtain. The assessment is contrary to the market value. The board made no inquiry of the appellant in regard to the value of the stock and no examination of its books, and the returns made to the Auditor in the years in question, all of which were attached as exhibits to the bill, furnished no basis for an assessment of the capital stock in excess of the valuation of tangible property. In regard to any other information which the board had or might be able to obtain, it is averred that the board had no such information and made no effort to obtain any, and that, in fact, there were no other

facts or information in existence or to be obtained as to the value of the stock, but that the board in each year arbitrarily added a fixed amount to the assessment of tangible property as a capital stock assessment.

The rules fixed by the State Board of Equalization for ascertaining the value of the capital stock of corporations have been approved by this court. In *State Board of Equalization* v. *People,* 191 Ill. 528, an assessment which had been arbitrarily made too low was disregarded and the State Board of Equalization was required to make an assessment of the capital stock of the corporations involved there in accordance with the rules of the board substantially the same as those now in force, and in *Chicago, Burlington and Quincy Railroad Co.* v. *Cole,* 75 Ill. 591, the collection of taxes upon an excessive assessment made in violation of the rules was enjoined, the court saying that the decision of the court sustaining the rules implied that they should be adhered to and faithfully applied in the assessments to which they were applicable.

The courts have no authority to supervise the valuation of property by the officers to whom its valuation for taxation has been committed by law, where such officers, acting within the scope of their powers, have made an assessment by the honest exercise of their judgment according to the law. But the State Board of Equalization has no right, in disregard of its own rules established for the assessment of the capital stock of all corporations, arbitrarily to assess the capital stock of one corporation by an exercise, not of its judgment but of its will, without reference to the requirements of those rules. According to the averments of the bill that is what was done in this case, and the demurrer should have been overruled.

The decree will be reversed and the cause remanded to the superior court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*