(No. 32150.—

NATIONAL-BEN FRANKLIN FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant, *vs.* JOHN B. BRENZA, County Collector, Appellee.

*Opinion filed January 24, 1952—Rehearing denied March 17, 1952.*

McKinney & Carlson, of Chicago, (John Potts Barnes, and Spencer E. Irons, of counsel,) for appellant.

John S. Boyle, State's Attorney, of Chicago, (Gordon B. Nash, and Melvin F. Wingersky, of counsel,) for appellee.

Mr. Justice Crampton delivered the opinion of the court:

The National–Ben Franklin Fire Insurance Company of Pittsburgh, Pennsylvania, a foreign corporation licensed to conduct insurance business in Illinois, filed a complaint in the superior court of Cook County against John B. Brenza, as county treasurer and *ex officio* county collector, praying for an injunction to restrain the collection of certain taxes upon its net receipts from fire and marine insurance for the year 1949. On motion by defendant the complaint was dismissed for want of equity, and plaintiff appeals to this court.

The taxes in question were assessed under section 414 of the Insurance Code (Ill. Rev. Stat. 1949, chap. 73, par. 1026.) It provides as follows: "Every agent of any foreign or alien company shall return to the proper officer of the county, town or municipality in which the agency is established in the month of May annually the amount of the net receipts of such agency for the preceding year from fire and marine insurance which shall be entered on the tax lists of the county, town or municipality and subject to the same basis and rate of taxation for all purposes, state, county, town and municipal, that other personal property is subject to at the place where located: said tax to be in lieu of all town and municipal licenses other than taxes authorized by 'An Act to enable cities, towns and villages organized under any general or special law, to levy

and collect a tax or license fee from foreign fire insurance companies for the benefit of organized fire departments,' filed May 31, 1895." The facts alleged in the complaint and admitted by the motion show that in May, 1949, appellant made a return of its net receipts from fire and marine insurance in Cook County for the preceding year in the amount of $25,201.20. In the return appellant then reduced and debased that sum to 4 per cent thereof, or $1008.05, as net receipts subject to tax as personal property. The assessor refused to accept the debasement to 4 per cent, and made an assessment upon the net receipts at 100 per cent. The assessment was thereafter confirmed by the Board of Appeals.

In accordance with established practice, various forms of personal property, other than net receipts of foreign and alien insurance companies from fire and marine insurance, were valued for taxation purposes at amounts less than full cash value. Thus, under instructions issued by the assessor, taxpayers were directed to list cash on hand and on deposit as of the assessment date at 4 per cent of the full amount; stocks, bonds and net credits at 10 per cent of the amount or of the market value thereof; tangible personal property at 70 per cent of book value; and all other personal property, not specifically classified on the return form, at market or fair cash value. As alleged in the complaint the net receipts returned by appellant were received in the form of money, cash or checks on bank deposits. A bill was rendered by the collector for a tax in the amount of $1146.64. Appellant paid $45.87, being 4 per cent of the amount of the tax extended against it upon the assessment, leaving $1100.77 unpaid. It is the latter amount which appellant claims is illegal, and which it seeks to restrain appellee from collecting.

The principal issue presented is whether the tax imposed upon 100 per cent of the net receipts of foreign corporations from fire and marine insurance constitutes an

illegal discrimination where the personal property of other taxpayers is assessed at a reduced or debased valuation. The same question has been fully considered in other cases before this court and the Supreme Court of the United States, wherein such constructions of the statute were condemned as denying the equal protection of the laws. (*Hanover Fire Ins. Co.* v. *Carr,* 272 U.S. 494; *Hanover Fire Ins. Co.* v. *Harding,* 327 Ill. 590; *Concordia Fire Ins. Co.* v. *Illinois,* 292 U.S. 535.) Prior to 1937 the provision for taxation of net receipts of foreign insurance companies appeared as section 30 in the act of 1869 regarding fire, marine and inland navigation insurance companies. From 1869 until 1921 the tax was construed as a personal property tax, and assessments of net receipts were made with the same debasement and equalization as were applied in the assessments of other personal property. However, in *People ex rel. City of Chicago* v. *Kent,* 300 Ill. 324, *People ex rel. City of Chicago* v. *Barrett,* 309 Ill. 53, and *Hanover Fire Ins. Co.* v. *Carr,* 317 Ill. 366, this court held that the tax was not a tax on personal property but was a privilege tax, and that the net receipts were not required to be debased in value as was done in cases of personal property. This construction of section 30 was held unconstitutional by the United States Supreme Court in *Hanover Fire Ins. Co.* v. *Carr,* 272 U.S. 494.

The statute as it appeared at the time of *Hanover Fire Ins. Co. case* provided as follows: "Every agent of any insurance company, incorporated by the authority of any other State or government, shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency for the preceding year, which shall be entered on the tax lists of the county, town and municipality, and subject to the same rate of taxation, for all purposes—State, county, town and municipal—that other personal property is subject to at the place where

located; said tax to be in lieu of all town and municipal licenses; and all laws and parts of laws inconsistent herewith are hereby repealed: *Provided,* that the provisions of this section shall not be construed to prohibit cities having an organized fire department from levying a tax or a license fee, not exceeding two per cent, in accordance with the provisions of their respective charters, on the gross receipts of such agency, to be applied exclusively to the support of the fire department of such city." In the *Hanover case* the net receipts of a foreign insurance company for the year 1922 were assessed at the full amount thereof, although all personal property in the county except net receipts of foreign fire insurance companies was scaled and debased in value, 30 per cent of the full value being used for assessment purposes. The company filed a bill against the county collector for an injunction to restrain collection of the resulting tax. A decree dismissing the bill in this respect was affirmed by this court on the ground that the tax was imposed on the privilege of doing business in this State and was not subject to the constitutional limitations applicable to property taxes. Upon review by writ of error in the United States Supreme Court it was held that an occupation tax imposed upon 100 per cent of the net profits of foreign insurance companies is invalid as a discrimination in favor of domestic insurance companies, where the latter pay only a tax on the assessment of personal property at a reduced or debased valuation. The judgment of this court was reversed and the case remanded for further proceedings. We thereafter filed an opinion overruling the decisions which had construed the act as imposing an occupation tax, and holding instead that the original construction was proper and that the net receipts when listed upon the tax books were to be considered as personal property, to be treated the same as other personal property. (*Hanover Fire Ins. Co.* v. *Harding,* 327 Ill. 590.) We said in the case last cited that "when the net

receipts are returned to the taxing officers they should be treated as personal property and the assessment thereon as a personal property tax subject to the same reductions for equalization and debasement and treated in exactly the same manner as the valuations upon other personal property."

The constitutionality of assessing net receipts of foreign insurance companies at full value, when personal property generally in the county is debased for assessment purposes, came before this court again in *People* v. *Concordia Fire Ins. Co.* 350 Ill. 365, where we sustained an assessment of net receipts at full value although it was the practice of the assessor to take 60 per cent of the fair cash value in assessing other property. On appeal to the United States Supreme Court this portion of the judgment was reversed, (*Concordia Fire Ins. Co.* v. *Illinois,* 292 U.S. 535,) the court there observing: "It is said that the act as it was applied to the net receipts of 1927 subjects the personal property of a foreign fire insurance corporation to a tax based on its full actual value whereas other personal property is taxed on a basis of 60% of its value. The complaint is not that the net receipts were valued excessively, but that the value when determined was not debased like that of other personal property. The tax, as extended on the full actual value fixed by the board of review, was $5,895.19. Had that value been debased to 60%, as was the value of other personal property, the tax would have been $3,537.11, making a difference of $2,358.08. The act deals specially and only with the taxation of net receipts of foreign fire, marine and inland navigation insurance corporations. The assessing officers acted in virtue of it and the state court held their action was valid under it. Thus both applied it, and they applied it as subjecting the net receipts of a foreign fire insurance company, by reason of being such, to a tax burden 66⅔% greater than that

laid on other personal property. No reasonable basis for such a discrimination is suggested and none is perceived. It is essentially the same character of arbitrary and prejudicial discrimination that was condemned as a denial of the equal protection of the laws in Hanover F. Ins. Co. v. Harding (Hanover F. Ins. Co. v. Carr) 272 U.S. 494, 71 L. ed. 372, 47 S. Ct. 179, 49 A.L.R. 713."

The same result must follow in the case at bar. The provisions of the present statute do not differ, in any respect material herein, from those of section 30 of the former act, except that the act now makes the net receipts "subject to the same *basis and* rate of taxation * * * that other personal property is subject to at the place where located," the words herein italicized having been added. However, the present practice of debasing personal property by classes raises the further question as to which class is most comparable to net receipts. We think that, as net receipts have a fixed value, they are to be treated as money, cash on hand, bank deposits and the like, and that appellant was correct in so treating them on its return. In *Hanover Fire Ins. Co.* v. *Harding,* 327 Ill. 590, we observed, in disposing of a contention that section 30 was invalid because the net receipts were not valued by some taxing officer: "When the return is made to the taxing officer, since net receipts, like money, have a fixed value, the placing of the amount so returned on the assessment roll and the scaling and debasing of the same by the taxing officer are a valuing thereof by such officer as in the case of moneys or other property having a fixed value, and when scaled and debased by the taxing officer and the amount on which the tax is levied is so fixed, this is a valuing thereof within the meaning and intent of the constitutional requirement." It is true, as appellee insists, that net receipts for the year 1949 do not constitute cash, money and bank deposits on hand on a particular assessment date, and that they are

not the same as such assets. But the difference for present purposes is not in the nature or type of property, which in both cases is money or bank deposits. It is merely a difference in the method of computing or measuring the number of dollars held or accumulated by the taxpayer, adopted, doubtless, because the funds acquired by foreign companies are likely to be removed from the State during the year while those of other taxpayers usually remain here. Once the number has been ascertained from the returns, all such dollars must be valued by the taxing officer upon the same basis.

To sustain the decree appellee insists that the court has no power to fix the value of property for taxation; that a decree granting the injunction to restrain collection of the balance of the tax in the present case would amount to a valuation and assessment by the court; and that no such relief from an excessive valuation can be given in the absence of proof of fraud. There is no merit in the contention. The law is well settled that an intentional violation of the rule of uniformity in the valuation of property for taxation amounts to constructive fraud, no proof of actual fraud being necessary. The courts are not powerless to protect the taxpayer from an excessive valuation, knowingly and intentionally made, in violation of the constitution. *People ex rel. Ross* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 381 Ill. 58.

It is also argued that the facts alleged in the complaint furnish no basis for injunctive relief. This contention must likewise be rejected. A court of equity will exercise jurisdiction to enjoin the collection of a tax where the property has been fraudulently assessed at too high a rate; and an assessment is at too high a rate, even though less than the actual value, when the property is assessed at a greater proportion of its actual value than is used at the same time in the assessment of all other property. *People's Gas Light and Coke Co.* v. *Stuckart,* 286 Ill. 164.

We have examined other propositions asserted or argued by appellee and find them to be without sufficient merit to warrant discussion.

We conclude that the unpaid portion of the tax assessed against appellant on its net receipts for the year in question is unlawful, and that the superior court erred in dismissing the complaint. The decree is, therefore, reversed and the cause remanded to that court, with directions to enter a decree enjoining and restraining appellee from collecting or attempting to collect the unpaid balance of said tax.

*Reversed and remanded, with directions.*