(No. 33053.—

E. J. LACKEY *et al.,* Appellants. *vs.* PULASKI DRAINAGE DISTRICT *et al.,* Appellees.

*Opinion filed Sept. 23, 1954—Rehearing denied November 15, 1954.*

PAUL D. REESE, of Jonesboro, and DAVID A. WARFORD, of Marion, for appellants.

BYRON L. CONNELL, of Mounds, and DOBBINS & FRAKER, of Champaign, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The appellants, E. J. Lackey and others, filed a complaint in the circuit court of Pulaski County against the commissioners of the Pulaski Drainage District to restrain and enjoin the enforcement and collection of an assessment of the district. By their equitable proceedings the appellants, hereinafter referred to as plaintiffs, sought to

set aside certain orders and judgments of the county court of Pulaski County relating to the annexation of certain lands to the drainage district, as well as to upset the classification of these lands within the district and to invalidate the assessment. Prior to a hearing, the court below issued a temporary injunction as prayed in the complaint. After a final hearing on the merits, the temporary injunction, which had been issued without notice, was dissolved, and the complaint was dismissed for want of equity.

This appeal is prosecuted from the decree of the circuit court dismissing the complaint for want of equity and since, under the decisions of this court, a suit by a taxpayer to enjoin and restrain the collection of a special tax or a special assessment relates to the revenue, an appeal properly lies directly to this court. *People ex rel. Johnson v. Springer,* 106 Ill. 542; *Mushbaugh v. Village of East Peoria,* 260 Ill. 27.

The initial question for determination on this appeal is whether the plaintiffs, under the allegations of their complaint and the proof adduced in support thereof, are entitled to relief in a court of equity.

The complaint alleges that the plaintiffs are landowners and taxpayers in the Pulaski Drainage District and that the district was organized as a municipal corporation and body politic in the year 1899 under the Levee Act (Ill. Rev. Stat. 1947, chap. 42, par. 1, *et seq.*) There is no contention here but that under said statute the county court of Pulaski County had the authority, if proper proceedings were instituted and carried through, to form said district. The plaintiffs in their complaint attack the legality of the original proceedings under which the district was formed, but here they have seen fit to waive such contention. They do, however, contend that the annexation proceedings filed in the county court of Pulaski County, by which certain lands were annexed to the drainage district, were illegal and void, that the proceedings under the Levee Act, by which

the lands originally in the district, as well as those that were annexed, were classified, were illegal and void, and that the levy of the fourth assessment on the lands within the drainage district was illegal and void.

The plaintiffs argue that equity will assume jurisdiction and enjoin the collection of a special assessment or a tax in four instances: (1) when the tax is levied by an officer who has no authority to make it, (2) when it is levied without authority of law, (3) when it is levied without authority of law and a cloud is thereby created upon the title to the land, and (4) when it is levied without authority of law and recovery of the tax would result in a multiplicity of suits.

No other basis for the assumption of jurisdiction by a court of equity is asserted by the plaintiffs, and they do not now claim that equity had jurisdiction over this case upon any other grounds for equitable jurisdiction. Allegations of fraud and misrepresentation contained in the complaint and urged in the trial court have been expressly waived in this court.

Before discussing each of the four specific contentions of the plaintiffs in this proceeding, we wish to point out generally the prevailing law of this State as to the extent of equity jurisdiction to enjoin the collection of a tax or an assessment. In this connection the fundamental rule that equity will not assume jurisdiction unless special grounds for equitable jurisdiction are established, and unless the plaintiff does not have an adequate remedy at law, is subject to two exceptions; namely, where a tax is unauthorized by law or is levied upon exempt property. In *Owens-Illinois Glass Company* v. *McKibbin,* 385 Ill. 245, a complaint was filed to enjoin the collection of the retailers' occupation tax from the plaintiff. A motion was made to dismiss the complaint, and by said motion it was admitted that the plaintiff was engaged in an occupation which under the Retailers' Occupation Tax Act was not

subject to said tax. But it was alleged in the motion that the plaintiff had a full and adequate remedy at law in addition to a full and complete remedy under the provisions of the statute relating to the payment of money to public officers under protest (Ill. Rev. Stat. 1941, chap. 127, par. 172); hence it was argued that the complaint was insufficient to warrant a court of equity taking jurisdiction. This court, after an exhaustive analysis of the decisions pertaining to this general question, held that this was a proper case for the intervention of equity, because the tax complained of was unauthorized by law. It was stated at page 256: "From the foregoing resumé the enjoining of a collection of illegal taxes constitutes an exception to the general rule that equity will not take jurisdiction of a cause when there is an adequate remedy at law. It is established that where a tax is unauthorized by law, or where it is levied upon property exempt from taxation, equity will take jurisdiction and enjoin the collection of the tax. This constitutes an independent ground of equitable relief, and in such cases it is not necessary that special circumstances exist to authorize issuing an injunction. It is also the rule in such cases that where remedies are provided by statute they are cumulative, and are exclusive only when they have first been invoked by the taxpayer. And it is to be noted this exception to the general rule applies only to the illegal and unauthorized imposition of a tax, and not to irregularities in levying a lawful tax."

With this general rule in mind, we will now examine each of the alleged bases for a court of equity taking jurisdiction of this proceeding.

The plaintiffs do not claim that the assessment was made by an officer who had no authority to make it, but do argue that it is a case where the assessment was levied without authority of law and does create a cloud on the lands of the plaintiffs which were in the district from its organization or within the district by virtue of an annexa-

tion proceeding purporting to annex the lands of certain of the plaintiffs to the district. In support of their contention that this is a tax unauthorized by law, the plaintiffs appear to be urging not the absence of statutory authorization for the imposition of this tax, but rather that various orders of the county court of Pulaski County, purporting to annex the land, to classify the lands within the district, and to levy the assessment were void, and, such being the case, that the tax .is unauthorized by law since the county court proceedings, being a condition precedent to the levying of the tax, were illegal and void.

Plaintiffs contend that the order entered by the county court on February 19, 1947, which purported to annex certain lands to the district upon a landowners' petition under section 58a of the Levee Act (Ill. Rev. Stat. 1947, chap. 42, par. 57,) supported by the complaint of the commissioners under section 58 of said act, is void for the reasons that the description of the lands was improper, the order of annexation is so indefinite as to make it impossible to ascertain just what lands are annexed, and the complaint of the commissioners in support of the landowners' petition did not purport to give the names of the owners of the land proposed to be annexed. It is further contended that the statutory requirements that the petition should contain a description of the drain or ditch making connection with the ditches of such district and that it should contain a description of the drain or ditches constructed or to be constructed, were not complied with, and that the record of the proceeding below fails to show any jurisdiction of the persons of the plaintiffs, in that notices of the hearing on the complaint to annex were not given as required by statute. Other orders of the county court in other proceedings, which were necessary prior to the levying of an assessment, and which, in fact, culminated in the assessment, are similarly attacked by the plaintiffs in their pleadings and in their proof.

The record of the proceeding below is voluminous and shows minute inquiry into the jurisdictional aspects of all of the county court proceedings. However, even if the contentions of the plaintiffs are well founded and assuming they are correct in their assertion that the various orders of the county court of Pulaski County are in fact null and void, it does not follow that the assessment herein sought to be enjoined is in fact a tax unauthorized by law and so cognizable in a court of equity. For it is the lack of authority in law to levy the tax that is the basis for equitable jurisdiction. (*Owens-Illinois Glass Co.* v. *Mc-Kibbin,* 385 Ill. 245.) The plaintiffs here, by their objections as stated in their complaint and by their proof, apparently are not contending the absence of statutory authority for this assessment but are attempting to show errors and irregularities in the exercise of existing statutory authority.

Plaintiffs have not cited any cases in which equity has assumed jurisdiction in an action to enjoin the collection of a drainage assessment because of the alleged invalidity of the annexation proceedings. On the contrary, this court has held that *quo warranto* is the proper method of questioning the validity of annexation of lands to a drainage district. *People ex rel.* v. *Drainage Commissioners,* 143 Ill. 417; *Keigwin* v. *Drainage Commissioners,* 115 Ill. 347; *People ex rel. Porter* v. *Minnie Creek Drainage District,* 311 Ill. 228; *People ex rel. King* v. *North Fork Outlet Drainage District,* 331 Ill. 68; *Evans* v. *Lewis,* 121 Ill. 478.

In the last cited case we stated, at page 482: "If the boundaries of the district were not lawfully extended, and the drainage commissioners undertake to exercise powers or franchises over or upon lands not lawfully within the bounds of the district, their right or authority to act as to these lands may be called in question by *quo warranto;* but a bill to enjoin the collection of the assessment is not the proper remedy." Similarly, in *Bodman* v. *Lake Fork Special Drainage District,* 132 Ill. 439, a case in which the

complainant questioned the legality of the annexation of lands to a drainage district and sought to enjoin the commissioners from levying an assessment against those lands, we said, at page 442: "Manifestly, this is purely a question of law, involving no principles of equitable cognizance, and a *quo warranto* to the drainage commissioners, requiring them to show by what warrant or authority they presume to make the annexation, would bring it before a court of law for its determination. The rule is too familiar to need the citation of authorities in its support, that it is always a sufficient objection to the granting of an injunction, that the party aggrieved has a full and adequate remedy at law.' * * * The remedy should have been by *quo warranto* against the commissioners."

While the availability of a complete and adequate remedy at law would not preclude the plaintiffs from invoking the jurisdiction of a court of equity if they were within the exceptions previously enumerated, the fact is their contention that this tax is not one authorized by law is not well founded and their proof does not support their allegations to this effect. They have by their proof shown not the absence of statutory authorization for the original imposition of this tax, but rather, if anything, they have shown that the classification and levying of this assessment was done pursuant to statutory authorization but in an irregular and erroneous manner. In so doing they necessarily admit the existence of statutory authorization for the proceedings which culminated in the assessment.

In addition to urging the foregoing grounds as a basis for equitable relief, the plaintiffs assert that, in the county court proceedings for the annexation of the lands and in the classification of the lands and the levying of the assessment, the county court did not have jurisdiction of the parties. This lack of jurisdiction is allegedly due to defective notices or failure to give any notice of the proceedings.

In making such contentions the plaintiffs apparently overlooked the fact that even if the orders of the county court are null and void due to lack of such jurisdiction, a court of equity still is not vested with jurisdiction. Even if the orders are thereby rendered void, the plaintiffs have a full, complete and adequate remedy at law. Moreover, in each instance, the order of the county court contains a recitation by the court to the effect that the statutory prerequisites to give that court jurisdiction of the parties and subject matter has been fully complied with in the manner required by law. Each of the orders attacked contains an express finding that due notice had been given. This finding cannot be contradicted on collateral attack by evidence not contained in the record. *Stack* v. *People ex rel. Talbott,* 217 Ill. 220; *Spring Creek Drainage District* v. *Commissioners of Highways,* 238 Ill. 521.

Indeed, a defective notice, affidavit or certificate of publication, even if found in the record, will not defeat a finding of due notice or jurisdiction by the court in its order, because the applicable provisions of the statute authorize the court to base its findings on other evidence of notice. (*People ex rel. Williams* v. *Darst,* 285 Ill. 533.) The circuit court in a collateral proceeding will not inquire into matters outside the record to contradict an express finding by the county court that it had jurisdiction of the parties.

It is clear from the record that the county court in each of the instances herein sought to be reviewed had and was exercising authority pursuant to statutory provisions. The plaintiffs then have not successfully shown the levying of a tax without authority of law, but, if anything, only error or irregularity in the exercise of the authority granted by law. They have not, therefore, brought themselves within the exception previously announced by this court in the *Owens case*. However, in addition to contending that they were within said exception, the plaintiffs also contend that

equity will take jurisdiction of this matter in order to prevent a multiplicity of suits and in order to remove a cloud upon their title which they assert results from the assessment.

The contention of the plaintiff is that if they are compelled to follow their remedy at law in order to test the validity of the annexation proceedings and the assessment, each individual property owner would have to commence, separate proceedings and the resultant litigation would mean a multiplicity of suits. This contention is without merit because the law is well settled that the owners of separate tracts of land may join in a proceeding in *quo warranto* to test the right of a drainage district to exercise governmental functions and franchises over their lands. Civil Practice Act, sec. 23, Ill. Rev. Stat. 1953, chap. 110, par. 147; *People ex rel. Shanley* v. *O'Connor*, 239 Ill. 272.

Likewise, a mere allegation that a cloud is created on the plaintiffs' land does not, in and of itself, constitute grounds for equitable jurisdiction. For, as we have previously noted, this case does not come within the exceptions outlined in the *Owens case,* and it is necessary to show that there is no adequate remedy at law to defeat the tax even though the plaintiffs contend that a cloud is created on their lands. If an application were made to obtain judgment because of nonpayment or delinquency in the payment of said assessment, the plaintiffs would have a right to file objections in said proceedings, and, again assuming the invalidity of the assessments, no doubt their objections would be sustained. (*People ex rel. Freshwater* v. *Bonham,* 286 Ill. 286.) In addition, assuming the plaintiffs seek to follow the remedy of filing objections to the assessment, they would be entitled to join in such objections, for the owners of separate tracts of land may join in objections to a collector's application for judgment for delinquent drainage assessments where the objections are essentially identical and no confusion would thereby

result. (*People ex rel. Funk* v. *Keener*, 194 Ill. 16; *People ex rel. Vaughn* v. *Welch*, 252 Ill. 167.) Therefore, the mere allegation that the assessment creates a cloud upon the title of plaintiffs' land does not serve as a ground for equitable jurisdiction where, as here, there is a remedy at law.

After a careful examination of the complaint and the proof adduced in support thereof, we have concluded that the circuit court of Pulaski County was correct in dismissing this cause for want of equity. We have concerned ourselves, however, only with the jurisdictional aspects of this case and of necessity discussed the contentions of the parties on the merits. Nothing we have said in this opinion is to be construed as holding that the county court proceedings herein sought to be collaterally attacked were illegal and void or that the proceedings were proper. We express no opinion on the merits of those proceedings, but have simply concluded that this is not a case for equitable jurisdiction, either under the established rules or under the exceptions thereto announced by this court in the *Owens* case.

For the reasons stated, the decree of the circuit court of Pulaski County dismissing this case for want of equity is affirmed.

*Decree affirmed.*