(Nos. 45561, 45567 cons.—

CLARENDON ASSOCIATES, Appellee, v. BERNARD J. KORZEN, County Collector *et al.,* Appellants.— LaSALLE NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, Appellee, v. P. J. CULLERTON, County Assessor, *et al.,* Appellants.

*Opinion filed Oct. 1, 1973.—Rehearing denied Jan. 29, 1974.*

SCHAEFER, J., took no part.

UNDERWOOD, C.J., and KLUCZYNSKI, J., concurring in part and dissenting in part.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Chief of Civil Division, and Henry A. Hauser, Assistant State's Attorney, of counsel), for appellants.

Sonnenschein, Levinson, Carlin, Nath & Rosenthal, of Chicago (Frederic S. Lane, Roger C. Siske and Steven W. Swibel, of counsel), for appellee Clarendon Associates.

Kirkland & Ellis, of Chicago (Don H. Reuben, Edward G. Proctor, Lawrence Gunnels, and Steven P. Handler, of

counsel), for appellee LaSalle National Bank and Trust Company of Chicago.

MR. JUSTICE RYAN delivered the opinion of the court:

We here consider two cases which have been consolidated on appeal from the circuit court of Cook County. The plaintiffs instituted separate actions against the county collector and assessment officials praying that the court declare the 1971 assessed valuations placed on their respective parcels of real estate constructively fraudulent and void. The complaints prayed for injunctive relief restraining the collection of taxes based upon the 1971 assessments in excess of the amount of taxes the plaintiffs have paid on their property. These amounts have been computed by the plaintiffs on what they felt were fair assessed valuations. The plaintiffs also asked for preliminary injunctions restraining the collection of taxes pending the outcome of the litigation. The defendants filed motions to dismiss the complaints, charging that equity lacked jurisdiction to restrain the collection of taxes since there is an existing adequate remedy at law. That remedy at law, they contend, is found in section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 675), which provides for the payment of taxes under protest, and in section 235 (par. 716), which provides that following the payment of taxes under protest persons objecting to the application for judgment may offer defenses thereto and, if they are entitled to refunds, the court may enter judgment accordingly.

The court denied the defendants' motions to dismiss the complaints and entered temporary orders enjoining the county collector from collecting the 1971 taxes based on the challenged assessments. In lieu of filing injunction bonds, the plaintiffs were ordered to pay to the county collector the balance of their taxes. The amount of taxes which the court considered to be based on the excessive

assessments, it ordered the county collector to hold in separate interest-bearing accounts subject to a refund of all or a part of these accounts to the plaintiffs as finally determined by the court. Thus, the plaintiffs have paid their 1971 taxes in full.

We are not concerned with the details of the particular assessments. The trial court considered that the allegations of the verified complaints set forth facts which, if proved, would sustain the charge that the assessments were constructively fraudulent. Based on these allegations the court below entered orders for the issuance of preliminary injunctions, and interlocutory appeals were taken (50 Ill.2d R. 307) to the appellate court. The appeals were transferred to this court under Rule 302(b). (50 Ill.2d R. 302(b).) The appeals were consolidated in this court. Involved in the complaints were allegations of excessive over-valuations, assessments disproportionately higher than those of other similar property and valuations arrived at through a disregard of accepted rules of assessments. The question presented to this court is whether, under the circumstances of these cases, equity can enjoin the collection of taxes based on constructively fraudulent assessments.

The usual vehicle through which judicial relief from such assessments is sought and gained is the legal remedy provided by statute for paying taxes under protest and filing objections to the application for judgment. (Ill. Rev. Stat. 1971, ch. 120, pars. 675 and 716.) In administering the legal remedy, however, the courts must presume, in the absence of evidence to the contrary, that the assessing officials performed their duty, and the court will not set aside an assessment merely because of a difference of opinion as to value. (*People ex rel. Nordlund v. S.B.A. Co., 34 Ill.2d 373.*) It is only where the valuation has been fraudulently made that it is subject to judicial review. (*People ex rel. Callahan v. Gulf, Mobile and Ohio R.R. Co., 8 Ill.2d 66, 69.*) Over-valuation may be so excessive, under

some circumstances, as to justify the conclusion that it was not honestly made and is thus constructively fraudulent. (*People ex rel. Paschen v. Hendrickson Pontiac, Inc., 12 Ill.2d 477; People ex rel. Callahan v. Gulf, Mobile and Ohio R.R. Co., 8 Ill.2d 66, 69-70.*) Similarly, when property is assessed disproportionately higher than other similar property (*People ex rel. County Collector v. American Refrigerator Transit Co., 33 Ill.2d 501*) or the assessed value is reached under circumstances showing either a lack of knowledge of known values or a deliberate fixing of values contrary to known value, fraud will be inferred. (*People ex rel. Nordlund v. Lans, 31 Ill.2d 477, 479.*) In such cases courts will grant relief.

In the field of taxation the general rule applies that equity will not assume jurisdiction to grant relief where an adequate remedy at law exists. (*White v. City of Ottawa, 318 Ill. 463, 471;* 7 I.L.P. Chancery, sec. 31.) This general rule has been held by this court to be subject to two exceptions. A taxpayer need not look to the remedy at law but may seek relief by way of injunction where the tax is unauthorized by law or where it is levied upon property exempt from taxation. These two situations constitute independent grounds for equitable relief and in such cases it is not necessary that the remedy at law be inadequate. (*Owens-Illinois Glass Co. v. McKibbin, 385 Ill. 245, 256; Moline Water Power Co. v. Cox, 252 Ill. 348, 359; Lackey v. Pulaski Drainage Dist., 4 Ill.2d 72,* at 74.) In cases involving the two exceptions the remedy provided by statute is not exclusive, but the two remedies, that is, the statutory remedy and the remedy of injunction, are cumulative and the taxpayer may elect to pursue either one. *Owens-Illinois Glass Co. v. McKibbin, 385 Ill. 245, 255; Sanitary Dist. of Chicago v. Young, 285 Ill. 351, 370.*

In several cases, however, this court has held that in addition to the two exceptions discussed above equity will enjoin the collection of taxes when there has been a fraudulent assessment of property. (*Chicago, Burlington*

*and Quincy R.R. Co. v. Cole, 75 Ill. 591; Porter v. Rockford, Rock Island and St. Louis R.R. Co., 76 Ill. 561, 596; Pacific Hotel Co. v. Lieb, 83 Ill. 602, 612; Bates v. Parker, 227 Ill. 120, 126; Calumet and Chicago Canal and Dock Co. v. O'Connell, 265 Ill. 106; People's Gas Light and Coke Co. v. Stuckart, 286 Ill. 164, 176; Aldrich v. Harding, 340 Ill. 354, 361; Ames v. Schlaeger, 386 Ill. 160, 162.)* These cases all relate to decisions rendered prior to the 1933 amendment to the Revenue Act.

Prior to 1933 a taxpayer had no means of recovering a tax which had not been paid under duress. There was also no requirement that the tax be paid before an objection to the application for judgment could be made. We learn from *People ex rel. Sweitzer v. Orrington Co., 360 Ill. 289, 293,* that during the financial depression of those years taxpayers, in order to delay payment of real estate taxes, would not pay their taxes and would file objections to the application for judgment. The great number of taxpayers following this procedure delayed adjudication of the objections and severely impaired the collection of taxes and thus the functions of governmental units. By amendments to section 191 and 162 of the Revenue Act of 1872 the legislature authorized payments under protest of at least 75% of the tax due and required such a payment as a condition precedent to the filing of an objection to the application for judgment. Upon a determination of the merits of the objection the court was authorized to order a refund of the tax if one was due. As stated above, prior to that time there was no provision for recovering taxes that had been voluntarily paid. Thus, the amendments protected the taxpayer by affording him a statutory remedy for the recovery of a tax wrongfully levied against his property. It also assured the taxing units that there would not be a protracted delay in the collection of the taxes.

Subsequent to the amendments of 1933, this court has held in some cases that the 1933 amendments have provided an adequate remedy at law which the taxpayer

must pursue in all cases except where the tax is unauthorized by law or where it is levied upon property exempt from taxation. *Lakefront Realty Corp. v. Lorenz, 19 Ill.2d 415; Goodyear Tire and Rubber Co. v. Tierney, 411 Ill. 421; Ames v. Schlaeger, 386 Ill. 160; Lackey v. Pulaski Drainage Dist., 4 Ill.2d 72.*

However, in other cases decided subsequent to the 1933 amendments dictum in certain cases indicates that a constructively fraudulent assessment has the same standing as an unauthorized tax or one levied on property exempt from taxation as an independent ground for equitable relief regardless of the existence of an adequate remedy at law. *People ex rel. Williams v. McDonald, 44 Ill.2d 349, 350; American College of Surgeons v. Korzen, 36 Ill.2d 340, 343; National-Ben Franklin Fire Ins. Co. v. Brenza, 411 Ill. 337, 344.*

Although there may have been justification for granting injunctive relief in constructively fraudulent assessment cases prior to 1933, we do not think this should continue to be considered as an independent ground for equitable relief. In view of the existence of our present statutory remedy, there is no apparent reason for continuing to afford equitable relief in such cases unless the remedy at law is found to be inadequate. We think the principle which this court announced in *Lackey v. Pulaski Drainage Dist., 4 Ill.2d 72, 74,* is appropriate as the governing principle in such cases: "*** the fundamental rule that equity will not assume jurisdiction unless special grounds for equitable jurisdiction are established, and unless the plaintiff does not have an adequate remedy at law, is subject to two exceptions; namely, where a tax is unauthorized by law or is levied upon exempt property." This rule requires that, other than in cases involving the two exceptions, a special ground for equitable jurisdiction, such as fraudulently excessive assessment, must exist *and* that an adequate remedy at law must not be available.

We have indicated above that relief from construct-

ively fraudulent assessments is usually obtained through the statutory remedy provided for paying taxes under protest and filing objections to the application for judgment. If a taxpayer may obtain injunctive relief from such assessments without showing the inadequacy of the statutory remedy, he would thus be encouraged to follow the relief provided by equity and to abandon the one provided by law. Under the equitable remedy there is no requirement that the tax be paid before the suit is instituted unless the court, as in the present cases, imposes such a requirement. The door would thus be opened for all constructively fraudulent assessment cases to be tried in equity, thereby bypassing the statutory requirement that the taxes be paid under protest and objections filed to the application for judgment. Such a procedure could lead to a situation similar to that which prevailed prior to the amendments of 1933, as described above in our reference to *People ex rel. Sweitzer v. Orrington Co.* Serious impairment of the collection of taxes could result, and the operation of governmental units could be seriously affected.

There will be cases of fraudulently excessive assessments where the remedy at law will not be adequate and injunctive relief should then be available. However, these are not such cases. The plaintiffs here have voluntarily paid a portion of their taxes and by order of the court have paid the balance. Thus, the full amounts of the taxes have been paid, and if the plaintiffs prevail on the merits of the cases they will be entitled to refunds. This is substantially the same remedy and relief which is provided by statute. The assessments were not so excessive as to render the remedy at law unavailable to the plaintiffs. Under the circumstances of these cases the plaintiffs had an adequate remedy at law and equity should not have assumed jurisdiction.

The orders appealed from directed that the tax paid be held in special interest-bearing accounts subject to refund of all or a part of the accounts as finally

determined by the court. Under such procedure the taxpayer could receive interest on the amount of the refund. This court has held in *Lakefront Realty Corp. v. Lorenz, 19 Ill.2d 415,* that under the statutory remedy provided by sections 194 and 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, pars. 675 and 716) the taxpayer is not entitled to interest on the refund. This court also held in *Lakefront* that this fact does not render the remedy at law inadequate so as to justify equity in assuming jurisdiction. We see no reason to depart from that decision.

If a failure to provide for the payment of interest on a tax refund were to render the statutory remedy inadequate, then the remedy would be inadequate as to all objections to taxes whether these objections were based on constructively fraudulent assessments, excessive rate, appropriation for multiple purposes or any other of the many grounds for filing objections to taxes.

Under the circumstances presented in the cases now before this court, we hold that sections 194 and 235 of the Revenue Act of 1939 provided an adequate remedy at law which the plaintiffs should have pursued. Under these circumstances the court should not have interfered with the tax assessment and collection by granting injunctive relief. The decrees of the circuit court of Cook County are reversed, and the causes are remanded with directions to vacate the injunctions, dismiss the complaints and make distribution of the taxes and interest to the appropriate taxing bodies.

*Reversed and remanded, with directions.*

MR. JUSTICE SCHAEFER took no part in the consideration or decision of this case.

MR. CHIEF JUSTICE UNDERWOOD, concurring in part and dissenting in part:

I agree with the opinion of the court except as to the

final disposition of these cases. As the opinion acknowledges, the earlier decisions of this court are not consistent in their statements of the bases which will support a complaint for injunctive relief, and some authority did exist for proceeding as plaintiffs have. While I agree that the resolution provided by this opinion of those prior inconsistencies is necessary and appropriate, it seems to me basically unfair to penalize these plaintiffs for proceeding in a manner some language of this court then indicated to be proper.

Accordingly, I would either limit the application of this opinion to future cases or remand these cases with instructions to treat these complaints as tax objections and permit such amendments as are necessary to enable plaintiffs to pursue that remedy.

MR. JUSTICE KLUCZYNSKI joins in this concurrence and dissent.